HEARD, Judge.
This is an appeal from a judgment ordering the Clerk of Court to cancel a judgment from the records of Caddo Parish.
Sales Financing Management, Inc. filed suit against Bobbie Lee Ettredge and his wife on April 26, 1966 for enforcement of a note and chattel mortgage. On May 2, 1966 Bobbie Lee Ettredge and his wife, Pauline Ettredge, filed a petition in bankruptcy in the United States District Court for the Western District of Louisiana, Shreveport Division.
The claim of Sales Financing Management, Inc. was correctly and duly scheduled. On May 3, 1966 notice of seizure was served on the Ettredges and the sale held on May 25, 1966. Sales Financing Management, Inc. filed a petition for deficiency judgment against the Ettredges and obtained a judgment by default on September 21, 1966. The Ettredges received their discharge in bankruptcy on October 27, 1966. On September 23, 1970 the Et-tredges filed suit based on Act 588 of 1970 which added Section 5166 to Title 9 of the Revised Statutes for a rule to show cause why the deficiency judgment should not be erased. To this rule to show cause defendant, Sales Financing Management, Inc., filed an Exception of Lis Pendens and an Exception of No Cause, No Right of Action. The trial court overruled the Exception of Lis Pendens and Exception of No Cause and No Right of Action and ordered cancellation of the judgment. From this judgment Sales Financing Management, Inc. appealed.
Appellant argues that a discharge in bankruptcy is an affirmative defense which plaintiff must plead, and in support of this argument cites the cases of Carpenter v. X-L Finance Company, Inc., La.App., 195 So.2d 156 (1st Cir. 1967) and Gumina v. Dupas, La.App., 178 So.2d 291 (1965). The cases cited are inapposite to the present one for the reason that in both of these cases the discharge in bankruptcy had been granted before judgment was rendered. The courts held that the discharge was an affirmative defense, their authority being based on LSA-C.C.P. Art. 1005. In the case before us the deficiency judgment was rendered on September 21, 1966 and discharge in bankruptcy was not granted until October 27, 1966.
Act. 588 of 1970 or LSA-R.S. 9:5166 of 1970 provides:
“Upon rule to show cause by any interested party against the clerk of court and ex officio recorder of mortgages of the several parishes and the recorder of mortgages for the parish of Orleans, the judgment creditor and a judgment debtor discharged in bankruptcy, the court shall order the cancellation of the inscription of any dischargeable judgment rendered twelve months previously unless the judgment creditor can prove that he continues to possess a secured interest in the property affected by such judgment, or any judgment rendered in a tort proceeding wherein the judgment debtor’s liability arose out of his wilful negligence, or any judgment for taxes due or any other judgment otherwise not discharged in bankruptcy.”
Prior to 1970 Louisiana had no procedure whereby judgments rendered before discharge in bankruptcy could be cancelled. Presumably this left recourse only to the bankruptcy court which has ancillary jurisdiction to enforce a discharge and protect the debtor by enjoining state actions on discharged debts. Local Loan Company v. Hunt, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934) and 9 Am.Jur.2d Bankruptcy § 309. By its enactment of Act 588 of 1970 the Louisiana Legislature obviously intended to afford its citizens who had been discharged in bankruptcy a procedure for cancellation of judgments on scheduled claims which had been rendered prior to a discharge.
We find no manifest error in the trial court’s ruling and for the foregoing reasons the judgment of the trial court is affirmed at appellant’s cost.