ELLIS, Judge:
Defendant Citizens Bank and Trust Company obtained a money judgment against plaintiff, Jesse C. Ferguson, Jr., on January 12, 1970. Mr. Ferguson and his wife, Catherine D. Ferguson, also a plaintiff herein, subsequently filed a petition in bankruptcy, and received a discharge on October 7, 1970. Defendant’s judgment was properly scheduled, and plaintiffs were discharged from any personal responsibility for same. However, plaintiffs homestead was disclaimed by the bankruptcy court.
Thereafter, claiming an in rem right against the property, defendant caused a writ of fieri facias to issue for the seizure and sale of the homestead. The instant *251 suit was brought against the Bank and the Sheriff of Iberville Parish .for the cancellation of the judgment under the provisions of R.S. 9:5166.
After an evidentiary hearing on the rule to cancel the judgment and on the rule for a preliminary injunction, judgment was rendered dismissing both rules, and plaintiffs have taken a suspensive appeal to this court.
At the hearing, no evidence was introduced relative to the value of the property seized, although plaintiff Ferguson did testify as to the approximate amounts owed by him on two mortgages and a judgment against him, all of which prime the judgment held by defendant. Plaintiffs are also claiming the benefit of their $4,000.00 homestead exemption from seizure, allowed by the Constitution of this State.
R.S. 9:5166 provides as follows:
“Upon rule to show cause by any interested party against the clerk of court and ex officio recorder of mortgages of the several parishes and the recorder of mortgages for the parish of Orleans, the judgment creditor and a judgment debtor discharged in bankruptcy, the court shall order the cancellation of the inscription of any dischargeable judgment rendered twelve months previously unless the judgment creditor can prove that he continues to possess a secured interest in the property affected by such judgment, or any judgment rendered in a tort proceeding wherein the judgment debtor’s liability arose out of his wilful negligence, or any judgment for taxes due or any other judgment otherwise not discharged in bankruptcy.”
Plaintiffs claim that they had no equity in the property whatsoever as of the time of their discharge in bankruptcy, and that they are therefore entitled to have the defendant’s judgment cancelled under the above act, unless defendant can prove that there was such an equity in the property, over and above the homestead exemption and the special and judicial mortgages bearing against the property and superior in rank to that of defendant. It is further contended that once the judgment is can-celled, no sale of the property thereunder can be held.
Defendant’s contention is that it has the right to have the property offered for sale in order to establish its value. If it fails to bring enough to satisfy the antecedent debts, then the property cannot be sold in any event.
The district judge decided that the words “secured interest” referred to the in rem right enjoyed by the defendant and was not in any way affected by plaintiffs’ equity or lack thereof in the property.
Since the rendition of that judgment, we ruled, in the case of Kayda v. Johnson, 252 So.2d 708 (La.App. 1 Cir. 1971), that the provisions of R.S. 9:5166 changed the law as it existed prior to its enactment, and that, under its provisions, a person discharged in bankruptcy was entitled to have all judgments against him cancelled unless the holders thereof could prove a secured interest in the property by showing that the debtor had an equity therein over and above all encumbrances bearing against it.
In a subsequent opinion relating to the same case after remand, Kayda v. Johnson, 262 So.2d 171 (La.App. 1 Cir. 1972), we held that in determining whether there is a “secured interest”, the homestead exemption may not be considered, saying:
“Thus where the inability of the judgment creditor to enforce his judgment against the bankrupt is due to the homestead exemption rather than a lack of equity on the part of the bankrupt because of conventional obligations against the property, the law has been, and remains that the inscription of the judgment acquired prior to adjudication in bankruptcy is not cancelled. Were the rule otherwise, the homestead status of the property could change and the judgment creditor would have no recourse.”
We think our holdings in the Kayda case, supra, are dispositive of the issues *252 here presented. The defendant, although aware of the provisions of R.S. 9:5166, elected to make no effort to prove the existence or extent of plaintiffs’ equity in their property. Since the burden of proof rests on defendant, and it failed to carry same, the plaintiffs are entitled to have the judgment cancelled, and to have the sale of their property thereunder enjoined.
The judgment appealed from is therefore reversed, and there will be judgment in favor of plaintiffs, Jesse C. Ferguson, Jr. and Catherine D. Ferguson, ordering the cancellation of the judgment in the matter of Citizens Bank and Trust Company v. J. C. Ferguson, Jr., No. 14,559 of the docket of the 18th Judicial District Court for the Parish of Iberville, dated January 12, 1970, and recorded in Mortgage Book 109, Entry 60 of the records of Iberville Parish. It is further ordered that a preliminary injunction issue prohibiting the Sheriff of the Parish of Iberville from proceeding further under the writ of fieri facias issued pursuant to the said judgment. All costs of this court and the court below are to be borne by defendant, Citizens Bank and Trust Company.
Reversed and rendered.