280 So.2d 665 (1973)
Norbert W. KOHNKE, II
v.
William JUSTICE, Clerk of Court, Parish of Jefferson, et al.
No. 5585.
Court of Appeal of Louisiana, Fourth Circuit.
July 3, 1973.
Rehearing Denied August 7, 1973.
*666 Garland R. Rolling, Metairie, for plaintiff-appellant.
A. W. Wambsgans, Metairie, for defendant-appellee William M. Justice, Jr., Clerk of Court.
Dennis L. Rousseau, Robert F. Shearman, New Orleans, for defendants-appellees G. Mike Smith and Frederick J. Gisevius, Jr.
Before SAMUEL, BAILES and FLEMING, JJ.
BAILES, Judge.
This is an appeal by the plaintiff in rule from an adverse judgment rendered in the summary proceedings he instituted against the defendants to cancel a money judgment rendered in favor of G. Mike Smith and Frederick J. Gisevius, Jr., (of defendants in rule and appellees herein) in a prior proceeding. This action was brought under the provisions of LSA-R.S. 9:5166, and was filed on April 3, 1972.
In prior proceedings Messrs. Smith and Gisevius sued the plaintiff in rule and obtained a money judgment in their favor in the amount of $1,325. This judgment was rendered on January 31, 1971. On August 24, 1971, Mr. Kohnke, the plaintiff, filed a petition in bankruptcy and therein this judgment was listed in the debt schedule. On November 22, 1971, plaintiff was discharged of this judgment.
In the bankruptcy proceedings plaintiff listed three separate pieces of immovable property that were affected by the Smith-Gisevius judgment. The referee in bankruptcy on the petition of the trustee in bankruptcy disclaimed and abandoned any right, title and interest in said properties on the ground that there was no equity therein in favor of the bankrupt's estate by reason of the outstanding mortgages thereon.
It is these three immovable properties that are affected by the money judgment owned by defendants, Smith and Gisevius.
After the trial of the rule to show cause, the district court rejected the plaintiff's demand for cancellation of the judgment. We find the trial court committed an error of law in refusing to cancel the judgment affecting plaintiff's property.
LSA-R.S. 9:5166 under which this action was brought provides:
"Upon rule to show cause by any interested party against the clerk of court and ex officio recorder of mortgages of the several parishes and the recorder of mortgages for the parish of Orleans, the judgment creditor and a judgment debtor discharged in bankruptcy, the court shall order the cancellation of the inscription of any dischargeable judgment rendered twelve months previously unless the judgment creditor can prove that he continues to possess a secured interest in the property affected by such judgment, or any judgment rendered in a tort proceeding wherein the judgment debtor's liability arose out of his wilful negligence, or any judgment for taxes due or any other judgment otherwise not discharged in bankruptcy." (Emphasis added)
According to this statute, when an interested party files a rule to show cause against the Clerk of Court and ex officio recorder of mortgages and the judgment creditor (although the statute also names the judgment debtor as a defendant against whom the rule should be brought, obviously such is not required when the judgment debtor is the interested party-plaintiff), the court shall order the cancellation of the inscription of any dischargeable judgment rendered twelve months previously unless *667 the judgment creditor can prove that he continues to possess a secured interest in the property affected by such judgment. What this condition of the statute means is that the judgment creditor must prove that the property affected by his judgment is worth in dollar value an amount sufficiently in excess of existing encumbrances which prime his judgment as to afford him a secured interest in the property affected by his judgment.
On the trial of the rule to show cause in the district court only two witnesses testified. One was the plaintiff who testified that more was owed on prior existing mortgages on the property than it was worth; and the other witness was Mr. Gisevius, defendant in rule whose testimony was only about matters extraneous to this action. The defendants offered no proof of any nature whatever of the value of the property affected by their judgment. No proof was made that the defendants in rule possessed a secured interest in these properties. This is the sole issue before the court.
Under the express provisions of LSA-R.S. 9:5166, supra, the judgment creditor has the burden of proving that he continues to possess a secured interest in the property affected by such judgment. As there is not one scintilla of evidence produced by the judgment creditor, or otherwise in the record, to sustain this burden, the judgment of the trial court must be reversed.
For the foregoing reasons, the judgment appealed is reversed and there is judgment herein in favor of the plaintiff in rule, Norbert W. Kohnke, II, and against defendants, William Justice, Clerk of Court and ex officio Recorder of Mortgages of Jefferson Parish, Louisiana, G. Mike Smith and Frederick J. Gisevius, Jr., ordering the cancellation of the judgment rendered in the matter entitled G. Mike Smith and Frederick J. Gisevius, Jr. vs. Standard Motor Company, Inc. and Norbert W. Kohnke, II, No. 129-287 on the docket of the Twenty-Fourth Judicial District Court, Jefferson Parish, Louisiana, dated January 13, 1971, and of record in M. O. B. 558, page 006 of the records of Jefferson Parish, Louisiana. As Mr. William Justice, Clerk of Court, is only a nominal party herein, defendants-appellees, G. Mike Smith and Frederick J. Gisevius, Jr., are cast for all court costs.
Reversed and rendered.
SAMUEL, Judge (dissenting with written reasons).
The three pieces of disclaimed property affected by the judgment in suit are the Papworth property, upon which there is an outstanding mortgage of $12,000 held by the father of plaintiff in rule, the Dahlia property, having an estimated value of $30,000 and encumbered by a $24,000 first mortgage in favor of a homestead and a $10,000 second mortgage in favor of the father of plaintiff in rule, and the Lake Avenue property encumbered by first and second mortgages. I would affirm the trial court judgment.
I agree with the majority holding that the record contains no evidence showing the judgment creditors-defendants continue to possess a secured interest in the properties disclaimed. My objection is more basic. Here there is no evidence in the record showing or tending to show plaintiff has any equity in the disclaimed properties, nor does he make any such claim. For example, he does not claim the benefit of the homestead exemption from seizure, the evidence does not show that the homestead exemption was available to him on any one of the three properties disclaimed, and in any event it appears such an exemption could have applied only to one of those properties. Under these circumstances there are two considerations which cause me to be of the opinion the judgment debtor in this matter has no right or *668 interest[1] to institute this suit under LSA-R.S. 9:5166.
First, as we are concerned with bankruptcy, i. e., with money or finances, and with a money judgment, it appears to me that the "any interested party" to whom the statute gives the right to bring the rule for cancellation has reference only to a party who has a financial or money interest in the property affected. Certainly this is the meaning of the word "interest" as used later in the statute when it requires that the judgment creditor prove he continues to possess "a secured interest" in the property. I can see no difference in this connection between being an "interested" party and possessing a secured "interest". In either case what is required is that the party have a money interest in the property. Here the judgment debtor can have no such interest. For him to have a money interest in the property would require the existence of an equity which exceeded all claims bearing against the property.
The statute affords no relief to anyone if the judgment creditor proves he continues to possess a secured interest in the property, i. e., as stated by the majority, that the property affected by the judgment sought to be cancelled is worth in dollar value an amount sufficiently in excess of existing encumbrances which prime that judgment so as to afford the judgment creditor a continued interest in the property. When the judgment creditor has no money interest in the property because its dollar value is exhausted by prior encumbrances which prime his, it follows that, in the absence of such a consideration as the homestead exemption, it is impossible for the judgment debtor to have such a money interest. Where the prime prior encumbrances remove any interest on the part of the judgment creditor, they necessarily also remove any money interest the judgment debtor has in the property; in other words, if the value of the property is exceeded by the encumbrances which prime the judgment sought to be cancelled, all other money interest in the property has been exhausted and there can be none left for the judgment debtor. Thus, as the statute limits the right to bring the rule for cancellation to an "interested" party, and as the judgment debtor here can have no such "interest", this judgment debtor cannot bring the rule for cancellation.
Second, I cannot conceive of any legislative purpose for permitting relief under the statute to such a judgment debtor. The discharge relieves the debtor from personal liability. But his property remains encumbered by the judicial mortgage, the in rem lien effected by the recordation of the judgment. Regardless of the fact that the property has been disclaimed, in the absence of clear statutory provisions to the contrary all rights to that property should belong to his creditors and not to the bankrupt. There appears to be no reason why the bankrupt here should be preferred or given an advantage over any of his legitimate creditors.
The only reported cases concerned with LSA-R.S. 9:5166 I have been able to find are Ferguson v. Citizens Bank & Trust Company, La.App., 265 So.2d 250 and Kayda v. Johnson, La.App., 252 So.2d 708 and 262 So.2d 171. In those cases the plaintiff in rule was the judgment debtor who had been discharged in bankruptcy. However, in each of those cases the plaintiff claimed the homestead exemption from seizure and the court did not have before it the issue with which I am concerned. Those cases do not hold that a judgment debtor who neither makes nor establishes the homestead exemption claim, or shows an "interest" in some other manner, can bring the rule for cancellation.
For the reasons assigned, I respectfully dissent.
NOTES
[1] Under LSA-C.C.P. Art. 927 on its own motion the court may notice the absence of a right or interest in the plaintiff to institute the suit.