LANDRY, Judge.
This appeal by plaintiff, Socony Mobil Oil Company, Inc. (Appellant), is from judgment dismissing Appellant’s action to revive and reinscribe a judgment against defendant, Joseph R. Burdette (Debtor)-, which dismissal was predicated upon Debt- or’s plea of discharge in bankruptcy. We reverse.
The pivotal issue presented is who bears the burden of proof in an action to revive a judgment following the debtor’s discharge in bankruptcy ?
Relying on LSA-C.C. art. 3547 and LSA-C.C.P. art. 2031, Appellant contends a creditor is entitled to revive a judgment, notwithstanding an intervening bankruptcy discharge, unless the judgment debtor shows good cause to the contrary. More precisely, Appellant claims that, in an action to revive a judgment, the creditor is entitled to a decree ordering revival unless the debtor not only establishes a discharge in bankruptcy, but also shows that the judgment creditor lacks a continuing secured interest in the property to which the revived judgment attaches in rem. Article 3547, above, grants a judgment creditor a period of ten years from the signing of the judgment in which to revive a money judgment. Article 2031, above, provides the following method of reviving a money judgment:
“A money judgment may be revived at any time before it prescribes by an interested party in an ordinary proceeding brought in the court in which the judgment was rendered.
The judgment debtor shall be made a defendant in the proceeding to revive the judgment, unless he is dead, in which event his legal representative or legal successor shall be made a defendant.
A judgment shall be rendered in such a proceeding reviving the original judgment, unless the defendant shows good cause why it should not be revived.”
On the other hand, Debtor maintains that pursuant to LSA-R.S. 9:5166, a bankrupt is entitled to cancellation of a judgment when he pleads his discharge in bar of an action to revive, unless the creditor establishes a continuing secured interest in the property. Section 5166, above, provides as follows:
“Upon a rule to show cause by any interested party against the clerk of court and ex officio recorder of mortgages of the several parishes and the recorder of mortgages for the parish of Orleans, the judgment creditor and a judgment debtor discharged in bankruptcy, the court shall order the cancellation of the inscription of any dischargeable judgment rendered twelve months previously unless the judgment creditor can prove that he continues to possess a secured interest in the property affected by such judgment,
On September 15, 1963, Appellant obtained a money judgment against Debtor in the sum of $213.08. The judgment was duly recorded in the mortgage records of *856 East Baton Rouge Parish, and thus constituted a judicial mortgage against certain real property acquired by Debtor on October 29, 1956, and upon which Debtor had granted a prior purchase money mortgage. On September 15, 1964, Debtor was granted a discharge in bankruptcy in which proceeding Appellant’s judgment was listed among Debtor’s tableau of debts.
Appellant’s action to revive was resisted by Debtor interposing his discharge as an affirmative defense. The matter proceeded to trial with the record in the state noted. In support of its action to revive, Appellant introduced in evidence the complete transcript of the action in which its judgment was obtained together with a certified copy of its judgment and a certified copy of the act by which Debtor acquired the property in question.
The trial court concluded that Debtor’s discharge entitled Debtor to cancellation unless Appellant established a continuing secured interest in the property subsequent to the discharge, notwithstanding Debtor’s failure to institute an action of cancellation. The lower court reasoned that, while Debtor had not filed for cancellation, had Debtor done so, cancellation would have been in order due to Appellant’s failure to bear the burden of establishing a continuing secured interest in subject property.
Appellant correctly notes that under our jurisprudence, an adjudication of bankruptcy discharges a debtor from personal liability for debts, but does not necessarily discharge a judicial mortgage on real property where the mortgage was recorded four months or more prior to the adjudication. Schexnailder v. Fontenot, 147 La. 467, 85 So. 207; Jaubert Brothers, Inc. v. Landry, La.App., 15 So.2d 158; Schenker v. Demarest, La.App., 195 So.2d 346; United States Fidelity & Guaranty Company v. Ballard, La.App., 250 So.2d 217. As also correctly noted by Appellant, our jurisprudence holds that a judicial mortgage recorded four months or more prior to discharge attaches in rem to whatever equity the bankrupt owned in the property and may attach to the homestead exemption enjoyed by the owner thereon, if any. See Jaubert Brothers, Inc. v. Landry, above. For these reasons, Appellant contends the mere pleading of a discharge in bankruptcy does not constitute “good cause” why a judgment should not be revived as required by Article 2031, above. Appellant argues that “good cause” is shown only when the debtor establishes the creditor’s lack of a continuing secured interest in the property affected by the revival.
The procedural posture of this case presents a seeming conflict between LSA-C.C. art. 2031 and LSA-R.S. 9:5166. We think it evident that Section 5166, above, does not purport to alter the substantive law governing the effect of a judicial mortgage upon property owned by a bankrupt at the time of discharge.
On careful consideration of the statutes involved, we deem Appellant’s position well taken. It appears that both Article 2031, above, and LSA-R.S. 9:5166 are exceptions to the general rule that a plaintiff must establish his cause of action. Article 2031 clearly entitles the creditor, who institutes an action for revival, to judgment of revival unless the debtor shows good cause to the contrary. On the other hand, LSA-R.S. 9:5166 requires the creditor to show good cause by establishing a continuing secured interest to defeat a bankrupt’s action for cancellation. Both statutes are clear and unmistakable in their scope and meaning.
Our law is well settled that, unless a secured interest exists at the time of discharge and continues to time of execution of judgment, a judicial mortgage does not constitute even an in rem claim against the property of the bankrupt. See Kayda v. Johnson, La.App., 262 So.2d 171; Ferguson v. Citizens Bank & Trust Company, La.App., 265 So.2d 250; Kohnke v. Justice, Clerk of Court, Parish of Jefferson, La.App., 280 So.2d 665. The correlative of *857 the foregoing is that where a secured interest does exist at time of discharge and continues to time of execution, the judicial mortgage remains viable as an in rem claim against the bankrupt’s property. As such, a mortgage may be revived.
 Inasmuch as this action is pursuant to Article 2031, above, the burden of proving good cause to bar the creditor’s right to revival rests upon the debtor. The mere pleading of the discharge by the bankrupt is per se insufficient to constitute good cause why Appellant is not entitled to revival of its judgment. The reason it does not is that a discharge in bankruptcy does not cancel the in rem efficacy of the judgment unless the creditor either lacked a secured interest therein at the time of discharge, or such a secured interest ceased before institution of the action of revival if it in fact existed at time of discharge.
In relying solely upon his discharge, without attempting to show his lack of a secured interest at the time of discharge or a subsequent cessation of such an interest if one existed, debtor failed to fulfill the burden imposed upon him by law.
We are fully aware our conclusion may well engender further litigation by debtor to cancel the revival, in which event the burden of showing good cause would devolve upon creditor. That, however, is a matter of no moment inasmuch as the crucial question of continuing secured interest has never been tried or decided. Under the circumstances, we decide only the procedural question posed.
It is ordered, adjudged and decreed that the judgment of the trial court be and the same is hereby reversed and set aside and judgment rendered herein in favor of plaintiff, Socony Mobil Oil Company, Inc., and against defendant, Joseph R. Burdette, reviving that certain judgment in favor of Socony Mobil Oil Company, Inc. against Joseph R. Burdette, dated September 13, 1963, in the amount of $213.08, with legal interest from August 30, 1960, until paid, and giving said judgment full force and effect for 10 years from date of rendition of this opinion; all costs of these proceedings to be paid by defendant, Joseph R. Burdette.
Reversed and rendered.