309 So.2d 655 (1975)
SOCONY MOBIL OIL COMPANY, INC.
v.
Joseph R. BURDETTE.
No. 55118.
Supreme Court of Louisiana.
February 24, 1975.
E. Drew McKinnis, McKinnis & McGehee, Baton Rouge, for defendant-applicant.
Walton J. Barnes, Barnes & Barnes, Baton Rouge, for plaintiff-respondent.
*656 SANDERS, Chief Justice.
On September 13, 1963, in a suit on an open account, the plaintiff secured a judgment against Joseph R. Burdette in the sum of $213.08 and recorded the judgment in the Mortgage Records of East Baton Rouge Parish as a judicial mortgage affecting certain immovable property acquired by Burdette in 1956. The record further discloses that on September 15, 1964, Burdette obtained a discharge in bankruptcy in the United States District Court for the Eastern District of Louisiana. The tableau of debts in the bankruptcy proceeding included plaintiff's judgment.
On May 22, 1973, plaintiff petitioned the district court for the revival of its judgment. In this proceeding, Burdette interposed his discharge in bankruptcy as a bar to the action.
After trial, the district court rendered judgment in favor of the bankrupt debtor and dismissed plaintiff's petition for revival of the judgment. The court of appeal reversed the judgment, giving the judgment "full force and effect from rendition of this opinion." See La.App., 295 So.2d 854. We granted writs, 301 So.2d 44, to consider the propriety of that judgment.
The issue before this Court is whether and to what extent plaintiff is entitled to a revival of its judgment.
The petition to revive was filed less than ten years from rendition of the 1963 judgment under the provisions of Article 3547 of the Louisiana Civil Code. That article provides that a money judgment will prescribe in ten years from the date of its rendition, but the creditor or any person in interest may revive the judgment, unless the defendant or his representative show good cause why the judgment should not be revived. Article 2031 of the Louisiana Code of Civil Procedure, of primary importance here, provides:
"A money judgment may be revived at any time before it prescribes by an interested party in an ordinary proceeding brought in the court in which the judgment was rendered.
"The judgment debtor shall be made a defendant in the proceeding to revive the judgment, unless he is dead, in which event his legal representative or legal successor shall be made a defendant.
"A judgment shall be rendered in such a proceeding reviving the original judgment, unless the defendant shows good cause why it should not be revived."
Article 2031 clearly places the burden on the defendant to show "good cause" to deny the revival of the judgment. Here, Burdette sought to meet this burden by filing his discharge in bankruptcy. The plaintiff countered by showing that prior to the bankruptcy, the judgment operated as a judicial mortgage on immovable property acquired by the debtor in 1956.
It is well settled that a judicial mortgage recorded prior to adjudication in bankruptcy is not destroyed by the adjudication, but that the mortgage retains its viability in rem upon the incumbered property left to the bankrupt or his assignee. Only the personal liability of the bankrupt is discharged. See Schexnailder v. Fontenot, 147 La. 467, 85 So. 207 (1920); Jaubert Brothers, Inc. v. Landry, La.App., 15 So.2d 158 (1943); Marks v. Demarest, La.App., 174 So.2d 160 (1965); cert. denied, 247 La. 1085, 176 So.2d 144; 8 A C.J. S. Bankruptcy § 245b, pp. 308-309.
As to the effect of a discharge in bankruptcy on judicial mortgages, 8B C.J. S. Bankruptcy § 582(1), p. 114, correctly summarizes the law:
"A discharge in bankruptcy, being purely personal to the bankrupt,... releases the bankrupt from personal liability only, and ... the discharge in bankruptcy does not affect, release, discharge, or invalidate any securities or liens on property of the bankrupt which were in existence prior to the petition or adjudication in bankruptcy; such a lien may be enforced by any requisite proceeding not involving a judgment in personam, notwithstanding the claim secured thereby was proved in the bankruptcy proceedings."
*657 Thus we readily conclude that the discharge in bankruptcy does not constitute "good cause" to defeat plaintiff's revival action. The effect of the adjudication in bankruptcy here is to bar personal enforcement of the judgment against the bankrupt debtor. Marks v. Demarest, La.App., supra; 8B C.J.S. Bankruptcy, § 563, p. 39.
Because of the discharge in bankruptcy, however, the revival judgment should contain a proviso that the judgment is executory only in rem against the immovable property, left to the debtor or his assigns after the bankruptcy, upon which the judgment had previously operated as a judicial mortgage. Hence, the judgment of the Court of Appeal should be amended to this extent.
For the reasons assigned, the judgment of the Court of Appeal is amended to provide that the revived judgment shall be executory only in rem against the immovable property, left to the debtor after his bankruptcy, upon which the judgment had previously operated as a judicial mortgage. As thus amended, the judgment of the Court of Appeal is affirmed.