PONDER, Judge.
Plaintiffs in rule, Leo J. Morgan and Ul-ger J. Morgan, appeal from the judgment vacating their rule and dismissing their demands to cancel' a judgment under the provisions of LSA-R.S. 9:5166.
The sole issue is the propriety of that judgment. We reverse.
In 1968, defendant in rule, Paul Braud, obtained a judgment against the two Morgans. In 1969, Leo Morgan was granted a discharge in bankruptcy. In 1971 Ulger Morgan was granted a discharge in bankruptcy. The obligation to Braud was included in the schedules and personal liability was admittedly removed by the discharge. In 1973 Ulger Morgan filed a rule under LSA-R.S. 9:5166[1] to cancel a number *222 of judicial mortgages. When Paul H. Braud objected, the rule as to him was recalled and vacated by agreement of counsel. In 1978 Paul H. Braud filed a petition for revival of judgment, to which the Morgans filed an exception of no right and no cause of action alleging the discharge in bankruptcy. They asked for and secured a rule to show cause why the judgment should not be cancelled under the provisions of LSA-R.S. 9:5166. After a hearing was held a judgment recalling the rule and dismissing the demands to cancel was rendered. Appeal from that judgment was taken.
Appellee first contends that the vacating and recalling of the rule in 1973 should be res judicata and prevent a consideration of this rule. The evidence is uncon-troverted that the rule was recalled and vacated on motion of the attorney for Ulger Morgan, and the recall was ordered without consideration of the merits. The judgment did not vacate and recall with prejudice. Under these circumstances, we find the plea of res judicata without application.
Considerable discussion has been given to the question of burden of proof and the possible conflict in the effect of C.C.P. 2031[2] and 9:5166, and both appellants and appellee cite Socony Mobil Oil Co., Inc. v. Burdette, 295 So.2d 854 (La.App. 1st Cir. 1974) and 309 So.2d 655 (La.1975) in which the problem was discussed. There the judgment appealed from was one denying the revival of the judgment under C.C.P. 2031. In the instant case the judgment appealed from is one denying the cancellation of the judgment under 9:5166. The lower court has not yet ruled on the question of the revival of the judgment. We therefore find Socony Mobil Oil Co., Inc. inapplicable and the burden under 9:5166 is therefore applicable.
On the trial of the rule both appellants and appellee rely on the schedules filed in the bankruptcy proceeding. Leo J. Morgan listed a home worth $8,000.00 with a mortgage of $9,350.00. Some handwritten figures are unexplained. We find the creditor has not shown a secured interest in the property affected by the judgment.
Ulger J. Morgan’s schedule showed a first mortgage with a balance of $10,892.40 and a second mortgage with a balance of $3,314.64 on property valued at $13,000.00. Again the creditor has not shown a secured interest in the property affected by the judgment. See Kohnke v. Justice, 280 So.2d 665 (La.App. 4th Cir. 1973).
Our decision does render the matter of the renewal of the judgment somewhat moot but the procedural aspects render it advisable for us to remand the case.
For these reasons the judgment appealed is reversed and there is judgment herein in favor of the plaintiffs in rule, Leo J. Morgan and Ulger Morgan, and against defendants in rule, Paul H. Braud and H. M. Cannon, Clerk of Court ordering the cancellation of the judgment rendered in the matter entitled “Paul H. Braud v. Leo J. Morgan and Ulger J. Morgan”, No. 124,266 on the docket of the Nineteenth Judicial District Court, East Baton Rouge Parish, dated February 27, 1968 and -of record in Judgment Book 68 Folio 366 of the records of East Baton Rouge Parish. The notice of Lis Pendens filed on April 5, 1978 is also ordered cancelled. The costs in both courts are assessed against defendant in rule, Paul H. Braud.
The case is remanded for further proceedings not inconsistent with these proceedings.
*223 REVERSED, RENDERED and REMANDED.

. LSA-R.S. 9:5166:
“Upon rule to show cause by any interested party against the clerk of court and ex officio recorder of mortgages of the several parishes and the recorder of mortgages for the parish of Orleans, the judgment creditor and a judgment debtor discharged in bankruptcy, the court shall order the cancellation of the inscription of any dischargeable judgment rendered twelve months previously unless the judgment creditor can prove that he continues to possess a secured interest in the property affected by such judgment, or any judgment rendered in a tort proceeding wherein the judgment debtor’s liability arose out of his wilful negligence, or any judgment for taxes due or any other judgment otherwise not discharged in bankruptcy.”

. C.C.P. 2031:
“A money judgment may be revived at any time before it prescribes by an interested party in an ordinary proceeding brought in the court in which the judgment was rendered.
“The judgment debtor shall be made a defendant in the proceeding to revive the judgment, unless he is dead, in which event his legal representative or legal successor shall be made a defendant.
“A judgment shall be rendered in such a proceeding reviving the original judgment, unless the defendant shows good cause why it should not be revived.”