385 So.2d 469 (1980)
Audrey L. STERNBERG
v.
Edward D. SMITH.
No. 13273.
Court of Appeal of Louisiana, First Circuit.
May 5, 1980.
Ralph W. Brewer, Baton Rouge, for plaintiff-appellant Audrey L. Sternberg.
Charles N. Malone, Baton Rouge, for defendant-appellee Edward D. Smith.
Before ELLIS, EDWARDS and PONDER, JJ.
ELLIS, Judge:
In this proceeding, Edward D. Smith seeks cancellation of a judgment obtained against him by Audrey L. Sternberg. From a judgment ordering the cancellation as prayed for, Mrs. Sternberg has appealed.
On May 20, 1971, Mrs. Sternberg obtained a money judgment against Mr. Smith, which was inscribed in the mortgage records of East Baton Rouge Parish on the same day. At the time of the judgment, Mr. Smith was the owner of Lots 36, 37 and 38 of Square 23, Bank Addition, bearing municipal number 1948 71st Avenue. Garnishment proceedings were thereafter instituted against the Missouri-Pacific Railroad Company, and a judgment against the garnishee was signed on July 19, 1971.
On September 10, 1971, Mr. Smith was adjudicated a bankrupt. Neither the judgment nor the debt owed Mrs. Sternberg is listed in the schedules of debt filed in the bankruptcy proceeding. Mr. Smith received his discharge in bankruptcy on March 15, 1972.
Mr. Smith brought this rule to cancel the judgment under the provisions of R.S. 9:5166. Mrs. Sternberg is defending on two *470 bases: first, that R.S. 9:5166 is unconstitutional; and second, that the debt was not listed in the schedules of the bankruptcy proceeding, and was therefore not discharged on March 15, 1972.
The trial judge found R.S. 9:5166 to be constitutional, but granted judgment to Mr. Smith on the ground that the judgment was without effect under Section 67(a) of the Bankruptcy Act.
R.S. 9:5166 provides as follows:
"Upon rule to show cause by any interested party against the clerk of court and ex officio recorder of mortgages of the several parishes and the recorder of mortgages for the Parish of Orleans, the judgment creditor and a judgment debtor discharged in bankruptcy, the court shall order the cancellation of the inscription of any dischargeable judgment rendered twelve months previously unless the judgment creditor can prove that he continues to possess a secured interest in the property affected by such judgment, or any judgment rendered in a tort proceeding wherein the judgment debtor's liability arose out of his wilful negligence, or any judgment for taxes due or any other judgment otherwise not discharged in bankruptcy."
It is obvious that the foregoing provision applies only in a case in which the judgment debt has been discharged in bankruptcy. We must, therefore, first determine if Mrs. Sternberg's judgment was affected by the discharge in bankruptcy.
It cannot be disputed that the judgment was not scheduled. However, Mr. Smith contends that both Mrs. Sternberg and her attorney had notice of the bankruptcy proceedings and the judgment is therefore subject to discharge. 11 U.S.C.A. § 523(a). There is in the record a copy of an "Order Staying Garnishment Proceedings Against Bankrupt." The order purports to stay all garnishment proceedings herein, and Mrs. Sternberg and her attorney are named as persons enjoined. However, the order is not marked as filed, is not a properly certified copy or an original, and there is no showing that any service was ever made on any of the parties named therein. The order was not admitted into evidence, but the trial judge remarked that, since it was in the record, he would take judicial notice of it.
There is no provision in Louisiana law for taking judicial notice of proceedings in other courts. See Articles 1391-1397, Code of Civil Procedure; Mattox v. American Indemnity Company, 259 So.2d 79 (La. App. 4th Cir. 1972). Article 1395 requires that such records "may be evidenced by a copy attested by the officer having legal custody of the record...." This was not done in this case and the judge should not have considered the document. There is no other evidence offered to show actual notice of the bankruptcy proceeding to plaintiff.
On the face of the record, it would appear that plaintiff's debt would not have been discharged on May 15, 1972, because not properly scheduled by Mr. Smith, and because there is no showing of actual knowledge of the proceeding on the part of Mrs. Sternberg. Section 67(a) of the Bankruptcy Act, on which the trial judge relied for his decision, would not apply unless the debt were properly discharged.
However, we think the interests of justice would best be served by a remand. Ordinarily, when a master is easily susceptible of proof, and such proof is not offered, we will not remand a case for production thereof. In this case, however, it would appear that defendant may have been misled into believing that no further proof of actual notice was necessary when the trial judge took judicial notice of the uncertified copy of the stay order which had been filed in the record. If, in fact, such an order was served on plaintiff, then the fact of actual notice would be clearly established, and we shall remand the case to give defendant the opportunity to prove that fact.
The judgment appealed from is therefore reversed and set aside, and the case remanded to the trial court for further proceedings not inconsistent herewith. Defendant shall pay all costs of this appeal, *471 with all other costs to await final determination of this case on its merits.
REVERSED AND REMANDED.