WATKINS, Judge.
This present action was filed by a petition styled “Petition of Intervention” filed by Bobby J. Gauthier to obtain a portion of the proceeds of a sheriff’s sale of property owned by him and located on Bateman Cir *187 cle, Baton Rouge, Louisiana. Out of the proceeds of sale the trial court ordered paid to Gauthier the sum of $1,766.03. From that judgment, Sara Rene Crifasi Losavio appealed. Although in brief Gauthier states he was entitled to a larger portion of the proceeds of sale, he neither appealed nor answered the appeal. We affirm the judgment of the trial court.
Gauthier was a judgment debtor in a judgment rendered against him in favor of Ms. Losavio on September 3, 1976, which was duly inscribed on the mortgage records of East Baton Rouge Parish. Gauthier filed in bankruptcy on August 25,1977. At the time of the filing in bankruptcy, the Bateman Circle property was subject to a first mortgage. The bankruptcy referee disclaimed the Bateman Circle property and subsequently Gauthier received a discharge in bankruptcy on February 2, 1978.
Pursuant to a writ of fi. fa. obtained by Ms. Losavio, the Bateman Circle property was sold at sheriff’s sale in October of 1980 for a price of $15,333.34. The trial court awarded out of the proceeds of the sale the sum of $1,054.25 to the sheriff for costs, $6,934.67 to the holder of the first mortgage, $1,766.03 to Gauthier as reimbursement for sums expended in partial payment on the first mortgage following bankruptcy, and the balance of $5,578.39 to Ms. Losavio as holder of the judicial mortgage referred to above.
Ms. Losavio contends that Gauthier is not entitled to any portion of the proceeds of the sheriff’s sale. Gauthier contends on appeal he is also entitled to sums expended by him in making improvements on the property, which the trial court denied. However, as Gauthier neither appealed nor answered Ms. Losavio’s appeal, this contention cannot be considered by this court on appeal. LSA-C.C.P. 2133. Thus, the sole question is whether or not Gauthier is entitled to the sum of $1,766.03 which was expended by him in partial payment of his first mortgage subsequent to his adjudication in bankruptcy.
Under the holding of the Louisiana Supreme Court in a companion case to the present action, which involved the cancellation of the inscription of the same judicial mortgage on a separate piece of property, which opinion is expressive of prior jurisprudence, a discharge in bankruptcy discharges the bankrupt’s personal liability for a debt existing prior to bankruptcy, but it does not extinguish any lien existing prior to filing in bankruptcy. See Losavio v. Gauthier, 412 So.2d 1306 (La.1982), affirming our holding in this case at 400 So.2d 921 (La.App. 1st Cir. 1981), writ granted 406 So.2d 624 (La.1981). Further, according to Losavio, the enforceability of liens after discharge in bankruptcy is a matter of state law, which prevails unless the purposes of the bankruptcy act are frustrated.
Thus, under Losavio, Ms. Losavio continued to hold a judicial mortgage after Gau-thier’s discharge in bankruptcy. However, Gauthier contends that he is entitled to the sum of $1,766.03 spent in partial payment on the first mortgage after bankruptcy.
We held that an equity arising by virtue of payment of a secured obligation subsequent to bankruptcy, against property owned prior to adjudication in bankruptcy, is considered to be after acquired property and, as such, exempt from the claim of a judicial mortgage. Jaubert Bros., Inc. v. Landry, 15 So.2d 158 (La.App. 1st Cir. 1943); Kayda v. Johnson, 262 So.2d 171 (La.App. 1st Cir. 1972), writ refused, 263 So.2d 728 (1972).
The holdings in Jaubert Bros, and in Kay-da are in accord with the broad policy behind LSA-R.S. 9:5166 enacted by Act No. 588 of 1970 (hence after the former decision but before the latter), which reads as follows:
“Upon rule to show cause by an interested party against the clerk of court and ex officio recorder of mortgages of the several parishes and the recorder of mortgages for the parish of Orleans, the judgment creditor and a judgment debtor discharged in bankruptcy, the court shall order the cancellation of the inscription of any dischargeable judgment rendered *188 twelve months previously unless the judgment creditor can prove that he continues to possess a secured interest in the property affected by such judgment, or any judgment rendered in a tort proceeding wherein the judgment debtor’s liability arose out of his wilful negligence, or any judgment for taxes due or any other judgment otherwise not discharged in bankruptcy.”
In Losavio, supra, the Louisiana Supreme Court held that a bankrupt was entitled to cancellation of a judicial mortgage in which the bankrupt no longer held an equity after bankruptcy, the words “secured interest” in the statute being equated with “equity” at the time of the adjudication in bankruptcy. The Louisiana Supreme Court further stated that if the bankrupt acquired equity by payment on a preexisting first mortgage after filing in bankruptcy, the judgment lien cannot be enforced against the acquired equity.
Here, the sum of $1,766.03 was paid by Gauthier against the first mortgage after bankruptcy. Ms. Losavio loses nothing by virtue of this application of Losavio, as had Gauthier not partially discharged the first mortgage by this sum the holder of the first mortgage would have been entitled to a correspondingly larger sum from the proceeds of the sheriffs sale. Here, the jurisprudence dictates that Gauthier is entitled to the sum of $1,766.03 from the proceeds, as was awarded by the trial court.
The judgment of the trial court is affirmed, at appellant’s cost.
AFFIRMED.