606 So.2d 582 (1992)
HAEUSER INSURANCE AGENCY, INC.
v.
Irene CAMPO, wife of/and August J. Franzella, and Anthony J. Campo.
No. 92-CA-226.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1992.
Writ Denied December 21, 1992.
*583 Jerry W. Sullivan, Halpern & Daigle, Metairie, for plaintiff-appellant Haeuser Ins. Agency, Inc.
Judy Cannella Schott, Cleveland, Barrios, Kingsdorf & Casteix, New Orleans, for defendant-appellee Anthony J. Campo.
Before KLIEBERT, C.J., and GAUDIN and BOWES, JJ.
KLIEBERT, Chief Judge.
This appeal concerns whether a dation en paiement transferring immovable property from a landowner in bankruptcy to a second mortgage holder can cancel all inferior liens on the property. Haeuser Insurance Agency, Inc. brought this action to have recognized its inferior mortgage on the property transferred from defendant's, Mr. and Mrs. August J. Franzella's bankruptcy estate to defendant, Anthony J. Campo, a second mortgage holder on the property. Haeuser moved for summary judgment to have its mortgage recognized. Campo moved the court for an order mandating that the mortgage inscription be cancelled under the authority of LSA-R.S. 9:5166. From a judgment denying Haeuser's motion for summary judgment and granting Campo's motion to cancel the mortgage inscription, Haeuser appeals.[1] For the following reasons we affirm.
The pertinent facts are not in dispute. Haeuser obtained a judgment in its favor on April 10, 1987, in an action entitled Haeuser Insurance Agency, Inc. v. August J. Franzella, Franzella Building, Inc., Happy Homes of Jefferson Parish, Inc., and Franzella Realty, Inc., Civil Action No. 86-18439, 24th Judicial District Court, in the amount of $29,552.05, plus legal interest from date of judicial demand and attorney's fees in the amount of $1,500.00. The judgment was recorded in the Jefferson Parish mortgage records on April 13, 1987.
At the time the Haeuser judgment was recorded Franzella owned a lot and improvements, known as the Franzella Building located at the corner of Veterans Memorial Highway and Belmont Place in Jefferson Parish. Two prior mortgages were recorded against the property: first, a mortgage in favor of Oak Tree Savings Bank (formerly Dixie Savings & Loan) securing a promissory note in the amount of $350,000.00 and, second, a mortgage in favor of Anthony J. Campo securing a promissory note in the amount of $150,000.00. On July 23, 1987 the Franzellas filed a voluntary petition for reorganization in bankruptcy (Chapter 11 bankruptcy), which *584 was later converted to a liquidation bankruptcy (Chapter 7 bankruptcy).
On July 31, 1989, counsel for Campo moved the bankruptcy court to lift the automatic stay with regard to the property at issue here. The motion was granted and, on July 31, 1989, a dation was executed by Franzella in favor of Campo in satisfaction of the second mortgage. On August 29, 1989 Franzella was discharged.
Haeuser instituted this action against Franzella and Campo to have its judicial mortgage recognized. Campo moved the court to erase Haeuser's mortgage inscription on authority of LSA-R.S. 9:5166.[2] The trial court denied Haeuser's motion for summary judgment and granted Campo's request to erase Haeuser's mortgage inscription.
On appeal Haeuser contends that because Campo obtained the property by dation rather than by foreclosure and sheriff's sale, not only was Haeuser's interest prejudiced but also the property is still burdened by the mortgage in favor of Haeuser. Relying on Quality Fin. Co. of Donaldsonville, Inc. v. Bourque, 315 So.2d 656 (La.1975), which held that a creditor who accepted a dation to satisfy the debt took the property subject to other recorded encumbrances, Haeuser asserted that "inferior creditors are entitled to expect and demand that the property be sold at sheriff's sale as the law provides, rather than to lose their position through a dation favoring a superior creditor with an unfair advantage."
Campo correctly relies on Losavio v. Gauthier, 412 So.2d 1306 (La.1982), in which the Supreme Court held that a creditor possesses a secured interest for purposes of LSA-R.S. 9:5166 only if the creditor can show that, at the time of the bankruptcy adjudication, there was equity in the property over and above the outstanding priming liens. Further, the court emphasized, the focus is upon the value of the property at the time of the bankruptcy adjudication because a pre-bankruptcy lien cannot affect property acquired after the bankruptcy:
"Thus, as we interpret La.R.S. 9:5166 the secured interest in the property which the creditor does nor does not continue to possess is determined at the time of the bankruptcy adjudication. If the value exceeds the balance due on all outstanding priming encumbrances at that time, there is a secured interest in the property which the creditor continues to possess. * * * Furthermore, given the interpretation which we place upon La. R.S. 9:5166, with the focus upon property value at the time of the bankruptcy adjudication, it becomes irrelevant whether there is a post adjudication equity buildup, and/or whether that buildup is the result of mortgage reduction or simply enhancement in property value."
Thus, in order for an inferior mortgage to be cancelled, the following conditions must be met.
1) There is a judgment recorded against a person who was discharged in bankruptcy;
2) The judgment was rendered at least 12 months before the discharge; and
3) At the time of the filing of the bankruptcy petition, there was no equity in the property over and above the outstanding priming liens.
LSA-R.S. 9:5166; Losavio, supra. Further the creditor must prove the fact of equity in the property. LSA-R.S. 9:5166; Losavio, supra.
In our view, Quality Finance is distinguishable in one important respect. There, the property was not included in a bankruptcy *585 estate. Hence, the effect of the dation was no different than an ordinary sale. Quality Finance, supra. Here Franzella filed for bankruptcy protection. Among the listed debts was a judgment in favor of Haeuser rendered and recorded more than twelve months before Franzella's discharge. The bankruptcy's automatic stay was lifted as concerns the property at issue herein and the property transferred to a lienholder, Campo, in satisfaction of his second mortgage. At the time of filing the bankruptcy petition, all counsel agreed Franzella had no equity over and above the outstanding priming liens in the property at issue. Thus, Haeuser no longer possessed a secured interest in the property. LSA-R.S. 9:5166; Losavio, supra.
Accordingly, the trial court properly denied Haeuser's motion for summary judgment and granted Campo's motion to cancel the mortgage inscription. Costs are imposed on the appellant.
AFFIRMED
NOTES
[1] This appeal was initially premature because no signed judgment appeared of record. This defect was cured on June 24, 1992 when the record was supplemented with a signed judgment dated June 18, 1992. See McFarland v. Crowley Industries, Inc., 339 So.2d 861 (3rd Cir. 1976) writ denied 342 So.2d 674.
[2] LSA-R.S. 9:5166 provides in pertinent part as follows:

"Upon rule to show cause by any interested party against the clerk of court and ex officio recorder of mortgages of the several parishes..., the judgment creditor and a judgment debtor discharged in bankruptcy, the court shall order the cancellation of the inscription of any dischargeable judgment rendered twelve months previously unless the judgment creditor can prove that he continues to possess a secured interest in the property affected by such judgment, or any judgment rendered in a tort proceeding wherein the judgment debtor's liability arose out of his wilful negligence, or any judgment for taxes due or any other judgment otherwise not discharged in bankruptcy."