641 So.2d 1036 (1994)
Cathy Lavale Fletcher DUBIN, Plaintiff-Appellee,
v.
Harry Stuart DUBIN, Defendant-Appellant.
No. 25996-CA.
Court of Appeal of Louisiana, Second Circuit.
August 17, 1994.
*1037 Mills, Timmons & Flowers by J. Broocks Greer, III, Shreveport, for appellant.
*1038 Whitmeyer, Fischer & McMahon by Claudius E. Whitmeyer, Wallace & Long, L.L.C. by Lacey P. Wallace, Shreveport, for appellee.
Before LINDSAY and HIGHTOWER, JJ., and WESTERFIELD, J. Pro Tem.
LINDSAY, Judge.
Pursuant to LSA-R.S. 9:5166, the appellant, Harry Stuart Dubin, sought to have a judgment which had been rendered against him in favor of his former wife, Cathy Lavale Fletcher Dubin, cancelled from the mortgage records of Caddo Parish because of his Chapter 7 bankruptcy discharge. The trial court denied the motion to cancel the inscription of the judgment. This appeal followed. For the reasons assigned below, we reverse the judgment of the trial court.

FACTS
The Dubins have been engaged in domestic litigation for several years. A divorce was granted by judgment signed on March 5, 1990. Pursuant to an agreement between the parties, this judgment provided that Mr. Dubin would pay permanent alimony in the form of timely installment payments on debts owed to Sears, Citibank VISA, CNB Mastercard, SR Superstore, and Hibernia Bank. However, in July of 1992, Mrs. Dubin filed a rule for contempt in which she asserted that Mr. Dubin had failed and refused to pay the debts in a timely fashion. In this rule, Mrs. Dubin requested, among other items, "general damages as a result of the damage to her credit."
A hearing was held on the rule on April 9, 1992. In granting recovery in favor of Mrs. Dubin, the trial court found that there were two components to her claim for damages: (1) impairment to her credit rating, and (2) mental anguish as a result of being contacted by the various creditors and sued by Hibernia Bank. The trial court also found that Mrs. Dubin had sustained emotional harm (nervousness and sleeplessness) and physical harm (hives). Although the trial court expressed uncertainty as to how to properly characterize the basis for Mrs. Dubin's recovery, nonetheless, the court found that there was a cause of action, whether it was characterized as contractual or delictual. In so ruling, the trial court cited LSA-C.C. Art. 2315.
On April 29, 1992, a judgment awarding Mrs. Dubin $7,500 in damages was signed; Mr. Dubin was also ordered to pay a $500 fine for contempt of court, as well as all court costs. The judgment was recorded in the mortgage records of Caddo Parish on May 15, 1992.
On September 14, 1992, Mr. Dubin appealed the judgment to this court. However, he filed for bankruptcy on September 29, 1992, and the appeal in this court was consequently stayed.[1] In the bankruptcy court, although Mrs. Dubin opposed the dischargeability of the judgment, her opposition was dismissed on May 4, 1993, for failure to prosecute, and Mr. Dubin was granted a discharge order on June 15, 1993.
On July 1, 1993, Mr. Dubin filed the instant motion and rule to cancel the inscription of the April 1992 judgment from the mortgage records under LSA-R.S. 9:5166. Following a hearing, the trial court denied the motion. The trial court found that Mr. Dubin was not entitled to have the judgment cancelled because it was a "judgment rendered in a tort proceeding wherein the judgment debtor's liability arose out of his wilful negligence," an exception to cancellation under LSA-R.S. 9:5166. (Although a minute entry reflected this ruling, no judgment was signed at this time.)
Mr. Dubin initially applied to this court for supervisory writs. Finding that the matter was reviewable by appeal, the writ panel granted the writ and remanded the matter to the trial court for the purpose of allowing Mr. Dubin to perfect an appeal. (Pursuant to this court's instructions in the writ grant, a judgment reflecting the trial court's ruling was signed on October 21, 1993.) This appeal followed.
*1039 Mr. Dubin assigned as error the following: (1) the trial court erred in concluding that the judgment of $7,500 rendered in favor of Mrs. Dubin arose from a tort proceeding; (2) the trial court erred in finding that Mr. Dubin was not entitled to cancellation of the judgment because the underlying debt was an exception to LSA-R.S. 9:5166; and (3) the trial court erred in failing to hold that Mrs. Dubin was estopped from raising the issue of Mr. Dubin's wilful negligence under LSA-R.S. 9:5166.

CANCELLATION OF JUDGMENT UNDER LSA-R.S. 9:5166
Both sides agree that, as a result of his bankruptcy, Mr. Dubin is personally discharged from his obligation under the judgment. The issue presented in this case concerns the in rem effect of Mrs. Dubin's judgment and whether the recorded judgment lien can be cancelled under the provisions of LSA-R.S. 9:5166.
LSA-R.S. 9:5166 provides:
Upon rule to show cause by any interested party against the clerk of court and ex officio recorder of mortgages of the several parishes and the recorder of mortgages for the parish of Orleans, the judgment creditor and a judgment debtor discharged in bankruptcy, the court shall order the cancellation of the inscription of any dischargeable judgment rendered twelve months previously unless the judgment creditor can prove that he continues to possess a secured interest in the property affected by such judgment, or any judgment rendered in a tort proceeding wherein the judgment debtor's liability arose out of his wilful negligence, or any judgment for taxes dues or any other judgment otherwise not discharged in bankruptcy. [Emphasis added.]
By enacting this statute in 1970, the Louisiana legislature "obviously intended to afford its citizens who had been discharged in bankruptcy a procedure for cancellation of judgments on scheduled claims which had been rendered prior to a discharge." Ettredge v. Sales Financing Management, Inc., 247 So.2d 674 (La.App. 2d Cir.1971). The statute created a new procedure for the cancellation of inscriptions by rule and provided for the necessary parties, the burden of proof and certain exceptions based upon the nature of the debt on which the judgment is based. Kayda v. Johnson, 252 So.2d 708, 710 (La. App. 1st Cir.1971), after remand, 262 So.2d 171 (La.App. 1st Cir.1972), writ denied, 262 La. 469, 263 So.2d 728 (La.1972).
A discharge in bankruptcy of the personal debt does not extinguish any lien that may have existed prior to the filing in bankruptcy. Losavio v. Gauthier, 412 So.2d 1306 (La.1982). The enforceability of such liens against one who has been adjudicated a bankrupt is a matter solely governed by state law, provided that such rules do not frustrate the purposes of the Bankruptcy Act. Thus, the interpretation of LSA-R.S. 9:5166 is a state matter. Losavio v. Gauthier, supra.
Of the cases construing LSA-R.S. 9:5166, none of them address the "wilful negligence tort" exception. See, for example, Haeuser Insurance Agency, Inc. v. Campo, 606 So.2d 582 (La.App. 5th Cir.1992), writ denied, 609 So.2d 257 (La.1992); Gauthier v. Losavio, 416 So.2d 186 (La.App. 1st Cir.1982); Sternberg v. Smith, 385 So.2d 469 (La.App. 1st Cir.1980); Braud v. Morgan, 372 So.2d 221 (La.App. 1st Cir.1978); Kohnke v. Justice, 280 So.2d 665 (La.App. 4th Cir.1973); Ettredge v. Sales Financing Management, Inc., supra.

Contract or Tort?
In order to determine the applicability of the wilful negligence tort exception in LSA-R.S. 9:5166, we must determine whether the judgment for damages rendered in favor of Mrs. Dubin arose in tort or in contract.
It is well settled that the same acts or omissions may constitute breaches of both general duties and contractual duties and may give rise to both actions in tort and actions in contract. Free v. Franklin Guest Home, Inc., 397 So.2d 47 (La.App. 2d Cir. 1981), writ denied, 401 So.2d 975 (La.1981); Franklin v. Able Moving & Storage Company, Inc., 439 So.2d 489 (La.App. 1st Cir. 1983). A plaintiff may assert both actions *1040 and is not required to plead the theory of his case. Free, supra.
The classical distinction between "damages ex contractu" and "damages ex delicto" is that the former flow from the breach of a special obligation contractually assumed by the obligor, whereas the latter flow from the violation of a general duty owed to all persons. Davis v. LeBlanc, 149 So.2d 252 (La.App. 3d Cir.1963).
Generally, where a person neglects to do what he is obligated to do under a contract, he has committed a passive breach of the contract. If he negligently performs a contractual obligation, he has committed active negligence and thus an active breach of the contract. Huggs, Inc. v. LPC Energy, Inc., 889 F.2d 649 (5th Cir.1989); Hennessy v. South Central Bell Telephone Company, 382 So.2d 1044 (La.App. 2d Cir.1980). A passive breach of contract warrants only an action for breach of contract; an active breach of contract, on the other hand, may also support an action in tort under LSA-C.C. Art. 2315. Huggs, supra.

Discussion
Ultimately, resolution of this case comes down to the issue of whether failure to pay alimony constitutes a tort.[2] We find that it does not. See and compare Martin v. Martin, 250 So.2d 491 (La.App. 3d Cir.1971), which held that failure to pay alimony was not an offense or quasi-offense under LSA-C.C. Arts. 2315 through 2324 in the context of the long-arm statute.
Instead, the judgment at issue arose solely from Mr. Dubin's passive breach of a contract between the parties. The parties entered into an agreement concerning the payment of the debts in question; this agreement was subsequently reduced to judgment, as permanent alimony, by its inclusion in their judgment of divorce. Alimony after divorce can be made the subject of a contract and will be considered a consent decree. King v. King, 390 So.2d 250 (La. App. 3rd Cir.1980), writ denied, 396 So.2d 884 (La.1981); Klein v. Klein, 485 So.2d 970 (La.App. 5th Cir.1986), writ denied, 489 So.2d 921 (La.1986). We find that Mr. Dubin's failure to pay the alimony, even though he may have paid other debts or otherwise disposed of his money, amounts to a passive breach of his alimony obligation.
Consequently, the provisions of LSA-R.S. 9:5166 are inapplicable, and the trial court erred in denying Mr. Dubin's motion for cancellation of the inscription of the judgment.

CONCLUSION
The judgment of the trial court is reversed, and Mr. Dubin's motion for cancellation of the inscription of the judgment in question is granted.
The Clerk of Court for Caddo Parish is hereby directed to cancel the inscription of the judgment in favor of Cathy Lavale Fletcher Dubin and against Harry Stuart Dubin in Suit 360,211 on the docket of the First Judicial District, Caddo Parish, Louisiana, dated April 29, 1992, and recorded in the Mortgages Records of Caddo Parish on May 15, 1992 in Mortgage Book 2183, folio 340.
Costs are assessed against Mrs. Dubin.
REVERSED AND RENDERED.
NOTES
[1] No. 24,699-CA was eventually dismissed pursuant to Mr. Dubin's ex parte motion on March 24, 1994.
[2] There is no serious question that the judgment for damages based on Mr. Dubin's failure to pay alimony is a final judgment, the merits of which cannot be re-litigated. We only examine it to determine whether or not it was rendered in a "tort proceeding" as contemplated under LSA-R.S. 9:5166.