BROWN, Chief Judge,
Dissenting.
_JjAU personal actions, including actions to enforce contractual obligations, are subject to a liberative prescription of ten years unless otherwise provided by legislation. La. C.C. art. 3499. La. R.S. 9:5607 now provides for a five-year liberative prescriptive/peremptive period in all actions, tort or contract, against, inter alia, professional engineers. This provision, however, was added by Acts 2003, No. 854, 51, and is therefore inapplicable to the instant case. Delictual actions are subject to a liberative prescription of one year, running from the day injury or damage is sustained. La. C.C. art. 3492. Proper characterization of the nature of Kroger’s cause of action is crucial to determination of the issue before this court.
In re St. Louis Encephalitis Outbreak in Ouachita Parish, 41,250 (La.App. 2d Cir.09/01/06), 939 So.2d 563, this court observed that it is well settled that the same acts or omissions may constitute breaches of both general duties and contractual duties and may give rise to both actions in tort and actions in contract. A plaintiff may assert both actions and is not required to plead the theory of his case. Dubin v. Dubin, 25,996 (La.App. 2d Cir.08/17/94), 641 So.2d 1036. When a person negligently performs a contractual obligation, he has committed an active breach of contract which may also support an action in tort. Id.
In Cameron v. Bruce, 42,873 (La.App. 2d Cir.04/23/08), 981 So.2d 204, 207, writ denied, 2008-1127 (La.09/19/08), 992 So.2d 940, we stated:
A home inspector has a duty to exercise reasonable care and skill in his undertaking. A breach of that duty constitutes a tort as well as a breach of contract. One has a prescriptive period of one year from date of injury and the other is subject to a | Jiberative prescriptive period of ten years. In medical and legal malpractice as well as in products liability cases, the legislature has acted to reclassify the wrongful act to impose the shorter prescriptive period. The amendment to the petition adding Con-Claire as a defendant was within the ten-year prescriptive period applicable to contract claims.
Kroger retained the professional engineering services of SCA in October 2001 to address the settlement problem its Bayou Walk store was experiencing. The parties entered into a three-page contract agreement drafted by SCA dated October 10, 2001, which outlined SCA’s scope of work, fee, additional services, as well as additional general terms and conditions such as provisions for site access, indemnification, risk allocation, and termination of services. The record also contains evidence of a verbal agreement for changes in scope of work and/or revisions to drawings and specifications, as well as an outline/proposal prepared by SCA regarding additional work.
Kroger alleged that SCA’s services were ineffective, performed negligently, and *1237 that their implementation caused additional damage to Kroger’s store. This is an allegation of a breach of a contractual duty. As such the ten-year prescriptive period applies.
As to the ex delido claim, an amending petition relates back to an original petition when the action asserted in the amending petition arises out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original petition. La. C.C.P. art. 1153; Reese v. State, Dept. of Public Safety and Corredions, 03-1615 (La.02/20/04), 866 So.2d 244. Kroger’s “design phase” claim, filed on October 18, 2002, provided allegations that gave SCA fair notice of Kroger’s cause of action for ^negligence arising out of professional services performed by SCA during the “repair phase.” In that 2002 petition, Kroger asserted that, upon discovery of the initial settlement, requests were made in 2001 and 2002 upon the general contractor and SCA to address, remedy, and make recommendations concerning the problem. Kroger sought damages in this 2002 petition for, among other things, the costs of repairs and remediation occurring in 2001 and 2002 of approximately $1,895,000.
In its original petition, filed on October 18, 2002, Kroger did more than, as defendant has argued, “indicate its awareness” that SCA’s repair attempts in 2001 and 2002 had been unsuccessful. As this claim was asserted within the applicable one-year prescriptive period, it is deemed to have been filed timely. The amending petition filed by plaintiff on March 30, 2006, stated in greater detail allegations related to Kroger’s “repair phase” claim against SCA, and therefore relates back to the filing date of the original petition inasmuch as it arises out of the same factual situation as that set forth in the original petition, i.e., that plaintiff has sustained damage as a result of negligence on the part of SCA during the “repair phase.”
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, STEWART, DREW and MOORE, JJ.
| j Rehearing denied.
BROWN and DREW, JJ., would grant rehearing.