259 So.2d 79 (1972)
Michael MATTOX et al.
v.
AMERICAN INDEMNITY COMPANY.
No. 4860.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 1972.
*80 Donahue & Willmott, Thomas M. Willmott, R. M. Donahue, Metairie, for plaintiffs-appellees.
Drury, Lozes & Curry, Felicien P. Lozes, New Orleans, for defendant-appellant.
Before CHASEZ, STOULIG, and BAILES, JJ.
BAILES, Judge.
This is a suit to collect medical expenses incurred in the treatment of injuries received in an automobile accident in the City of New Orleans on March 29, 1969. In addition to the medical expenses, plaintiffs seek to recover the statutory penalty of 12 percent, plus reasonable attorney fees, under the provisions of LSA-R.S. 22:658, contending that the refusal of the insurance company to pay was arbitrary, capricious and unreasonable.
The injured persons, Mrs. Joyce Nastasi, wife of Michael Mattox, Larry Dean and Kenneth Nastasi, were passengers in the automobile driven by Mrs. Joyce Nastasi and insured under a policy of insurance issued by American Indemnity Company, defendant, to Michael Mattox, providing among other things, medical payment coverage in an amount sufficient to defray the medical expenses herein sought to be recovered.
The plaintiffs are Michael Mattox, who sues to recover the medical expenses of his wife, Mrs. Joyce Nastasi; Larry Dean, a major, and Leon Nastasi, the father of the injured minor, Kenneth Nastasi.
The trial court rendered judgment in favor of plaintiffs and against defendant, and assessed the statutory penalty of 12 percent and awarded attorney fees in the amount of $250.00. The plaintiffs were awarded the following amounts: Michael Mattox, $110.00; Larry Dean, $259.93; and Leon Nastasi, $35.00, together with legal interest from date of judicial demand on the amount of the awards, and costs. From this adverse judgment, defendant has appealed.
Defendant does not dispute the occurrence of the accident, nor does it question the fact that the named passengers were injured. The defendant seeks reversal of the judgment of the court a quo on the grounds that the charges of the doctors were excessive, and that the injured parties refused to submit to physical examinations by physicians of defendant's choice.
To prove the reasonableness of the medical charges, the plaintiffs called one of the treating physicians. She testified that on the initial visit of both Mrs. Mattox and Larry Dean she spent from forty-five minutes to an hour in examination and consultation, that her charge of $50.00 to each of these patients was reasonable, and that the charge of $10.00 for each subsequent office visit was reasonable. She further testified that she was familiar with what several other doctors charged for similar services in her locality and that her charges were in line with their charges. Also, she testified that the charges of $15.00 and $35.00 of the two orthopedists to whom she referred Larry Dean were reasonable.
The defendant introduced the testimony of the former manager and the present manager of the General Adjustment Bureau, the investigative representative of defendant, both of whom testified that in their opinion the charges were excessive as compared with charges of doctors involved in other claims which they had handled. On cross-examination, one of these witnesses admitted that he had no knowledge of what treatment was rendered by the doctors to the injured parties in the instant case. For lack of adequate proof of the unreasonableness of these medical charges, the trial judge held the *81 medical charges reasonable and we find no cause to disturb his finding.
On the defense of failure of the injured parties to submit to physical examinations, the testimony of the former manager of the adjusting agency is explicit that the injured parties did not refuse to submit to physical examinations. He testified that appointments were made and not kept on one occasion, but the reason therefor was the appointments were not far enough in advance for the parties to make the necessary arrangements to attend, and that plaintiffs' attorney offered to make the injured persons available at a later time. However, as treatment for them was about to terminate, he, the defendant's adjusting representative, decided a physical examination was not necessary.
The defendant rejected the plaintiffs' entire proof of loss on the ground that the medical charges "did not represent reasonable and necessary charges." We find that the defendant's rejection of the claim for payment of medical expenses under the medical payments coverage of the policy of insurance was arbitrary, unreasonable and capricious. See: Guillory v. New York Fire and Marine Insurance Co., La.App., 201 So.2d 366 (1967). No argument is made that the amount of attorney fees is unreasonable or excessive. Plaintiffs argue for increase in attorney fees, however, inasmuch as plaintiffs neither appealed nor answered the appeal, we cannot consider their request.
Defendant asserts that it tendered to plaintiffs' attorney the medical expenses it was willing to pay. Receipt of this tender is denied and we find that defendant has failed to sustain the burden of proving that the drafts were actually posted or personally handed to plaintiffs' counsel.
The assessment of the statutory penalty of 12 percent of the medical expenses awarded and the award of $250.00 as attorney fees are affirmed.
In its brief, the defendant urges this court to take judicial notice of a proceeding in the Civil District Court of the Parish of Orleans where these same plaintiffs recovered from this same defendant these identical medical expenses. This assertion is completely dehors the record and it cannot be considered by us in disposition of the instant case. There is no provision in the law of this state for the court of this state to take judicial notice of suit records in other courts. If defendants desired that we consider the record or judgment in another matter before another court, it was incumbent that such documents be introduced as evidence in the record in the trial court. See LSA-C.C.P. art. 1393 and Official Revision Comments to Articles 1393 through 1397.
For the foregoing reasons, the judgment appealed from is affirmed, at appellant's costs.
Affirmed.