DOMENGEAUX, Judge.
The sole issue involved in this appeal is concerned with the award of penalties and attorney’s fees from an insurer under La. R.S. 22:658.
Plaintiff, Frances Nelson, was involved in an automobile accident with Calvin Ardoin on August 11, 1975, in Evangeline Parish, near the City of Yille Platte. Ardoin was insured by the Sentry Insurance Company. Plaintiff, Mrs. Nelson, had a policy with State Farm Mutual Automobile Insurance Company. One of the provisions of State Farm’s policy provided coverage for medical payments for an injury arising out of an accident, up to a limit of $1,000.00
Mrs. Nelson filed suit against Ardoin and his insurer, Sentry, on June 24, 1976, in order to recover damages resulting from the accident. She also named her insurer, State Farm, as a defendant in the suit in order to collect under the medical payment provision of her policy, and in order to recover penalties and attorney’s fees. State Farm made a third party demand against Ardoin and Sentry for reimbursement of any medical expenses that it would be required to pay and for reimbursement for the property damage expense they had already paid to plaintiff under her policy.
Ardoin and Sentry compromised with plaintiff, and her claim against them was dismissed accordingly.
Before the matter went to trial on the remaining demands, State Farm paid plaintiff the full amount claimed by plaintiff to be due under its policy. State Farm retained its third party demand against Ar-doin and Sentry, and plaintiff retained her demands for penalties and attorney’s fees against State Farm. After trial, judgment was rendered in favor of State Farm and against Ardoin and Sentry for $1,626.42, which was the amount State Farm had paid plaintiff for her medical expenses and property damage. The demand of plaintiff against State Farm for penalties and attorney’s fees was rejected. Plaintiff appeals.[1]
The only specification of error is whether the claim for penalties and attorney’s fees was properly denied under La.R.S. 22:658.
The chronology of events relevant to the claim for penalties and attorney’s fees may be stated as follows: The accident occurred on August 11, 1975, and plaintiff was treated in the Ville Platte General Hospital. On August 26, 1975, plaintiff’s attorney submitted a bill from the hospital to State Farm in the amount of $520.25. The hospital bill was stamped with the following words:
NOTICE TO INSURERS
A portion of this bill has been paid by the Louisiana Division of Family Services. Under R.S. 46:446, the Division may have a claim against the patient’s medical or hospitalization insurer for reimbursement of such payments. Before disbursing proceeds to the insured, you are requested to obtain clearance from: Division of Family Services Baton Rouge, Louisiana 70804 P.O. Box 44065 Attn: Finance Section (Medicaid)
On September 4,1975, State Farm sent a letter to plaintiff’s attorney acknowledging receipt of the bill of August 26, 1975, and questioning the effect of La.R.S. 46:446 on their obligation to pay under the policy. Also on this date, the insurer sent a letter to the Division of Family Services requesting an explanation of their interest in the claim.
Plaintiff’s attorney sent a letter to the insurer on September 8, 1975, suggesting that, in order to protect itself under La.R.S. 46:446, it should send a check made payable to both Mrs. Nelson and the Division of Family Services. Receipt of this letter was acknowledged by the insurer on September 8, 1975.
On October 27, 1975, plaintiff’s attorney sent a revised hospital bill to State Farm for the amount of $1,089.25, which reflected additional services rendered in connection *1235 with the accident. Payment of the $1,000.00 policy limit was requested.
On December 15, 1975, the insurer received a letter from the Division of Family Services advising it that the state’s claim in the matter was in the amount of $655.00.
State Farm sent a cheek to plaintiff’s attorney on December 19, 1975. This check was in the amount of $655.00 and was made payable to the Division of Family Services, plaintiff, and plaintiff’s attorney.
On January 5, 1976, this check was returned by plaintiff’s attorney. The accompanying letter stated that payment should be made to Frances Nelson only. The letter reiterated its demand against State Farm for payment of the full $1,000.00 policy limit, less $55.00 previously paid by the insurer for ambulance services, leaving a net sum due of $945.00.
On February 6, 1976, an additional bill was submitted to the insurer by plaintiff’s attorney in the amount of $155.00, from the Opelousas Orthopedic Clinic.
On April 8, 1976, the insurer sent a check to plaintiff’s attorney in the amount of $945.00 made payable to the Division of Family Services, plaintiff, and plaintiff’s attorney. This check was returned to the insurer on April 12, 1976, with a letter protesting the inclusion of the Division of Family Services as a payee on the check, and requesting that the check be made payable to plaintiff alone.
Between this date and June 17, 1976, additional correspondence took place; however, this correspondence is not relevant insofar as penalties and attorney’s fees are concerned. On June 17, 1976, the insurer sent a letter to plaintiff’s attorney stating that it would be willing to resubmit its draft of April 6,1976, if it was so requested.
After the filing of suit on June 24, 1976, the insurer, on August 9, 1976, sent the draft of April 6, 1976, to plaintiff’s attorney, pursuant to a request made by plaintiff’s attorney by letter dated August 5, 1976. As previously stated, this check was made payable to the Division of Family Services, plaintiff and plaintiff’s attorney. This check was accepted by plaintiff and her demand against State Farm proceeded to trial only on the issue of penalties and attorney’s fees.
At the outset we note that the basis of the claim for penalties and attorney’s fees is La.R.S. 22:658. That statute provides for penalties and attorney’s fees from an insurer who issues a policy not covered by La. R.S. 22:656 (Life policies) and La.R.S. 22:657 (Health and Accident policies), if the insurer’s failure to make payment of a claim within sixty days is found to be arbitrary, capricious, or without just cause. The amount of penalties is computed at 12% of the amount due, or if partial payment or tender has been made, 12% of the difference between the amount paid or tendered and the amount found to be due.[2]
We also note that La.R.S. 46:446 provides a method whereby the Division of Family Services can be reimbursed for assistance payments and medical expenses paid on behalf of a qualified recipient, in some circumstances. Part (A) of that statute provides:
“When an injury has been sustained or an illness or death incurred by any person under circumstances creating in some third person or legal entity a legal liability or obligation to pay damages or compensation to that person or to his spouse or dependent, the Division of Family Services, Health and Social and Rehabilitation Services Administration shall have a cause of action against such third party and/or may intervene in a suit filed by the injured, ill or deceased person or his spouse or dependent against such third party to recover the assistance payments and medical expenses the Division of Family Services, Health and Social and Rehabilitation Services Administration *1236 has paid or is obligated to pay on behalf of the injured, ill or deceased person in connection with said injury, illness or death.”
Turning to the facts of the instant case, State Farm tendered two checks. The first tender came on December 19, 1975, in the amount of $655.00. This amount coincided exactly with the figure given to State Farm a few days earlier by the Division of Family Services as the amount of their claim, despite the fact that, as of December 19, 1975, the insurer had before it two claims previously submitted by plaintiff’s attorney: One on August 26, 1975, for $520.25, and one on October 27, 1975, for $1,089.29. The second tender from the insurer did not come until April 8, 1976, when the insurer sent a check for $945.00, which, since it had already paid a $55.00 ambulance bill, amounted to the remainder of the policy limits. Obviously, the insurer did not attempt to discharge its obligation to pay the $520.25 claim made on August 26th within sixty days, nor its obligation to pay the policy limit within sixty days, when the $1,089.25 bill was sent in October, even though there was no dispute as to these expenses. Under these circumstances we think that the insurer should be cast for penalties and attorney’s fees within the context of La.R.S. 22:658.
As justification for its refusal to pay, the insurer argues that it acted in a reasonable fashion under the circumstances involved in this case. It maintains that there was never any failure to make payment under the provisions of its policy, nor any dispute as to what payments were allowable. The only dispute was with regard to whether the insurer could make payment safely directly to the insured, without including the name of the Division of Family Services on the draft, inasmuch as the Division of Family Services could be granted rights against the insurer under La.R.S. 46:446.
We feel that the insurer’s argument is untenable. The issue involved in this case is not whether the insurer was arbitrary, capricious, or without probable cause in including the name of the Division of Family Services on the check, but rather whether the insurer was arbitrary, capricious, or without probable cause in failing to make any attempt at tender of the amount due within the sixty day period specified by La.R.S. 22:658.
Although there is no reported decisions under La.R.S. 46:446, and no statutory guidance as to what the responsibilities of the insurer are with regard to its obligation to its insured under its policy and the Division of Family Services under the statute, State Farm should have made some attempt to discharge its obligation to its insured timely. In other words, the insurer would have avoided penalties and attorney’s fees under La.R.S. 22:658 had it tendered a check made payable to the insured and the Division of Family Services timely, whether or not such procedure was proper under La.R.S. 46:446. However, having failed to make any attempt at discharging its obligation within the sixty day period, we have no choice other than to conclude that penalties and attorney’s fees should be awarded.
We are somewhat perplexed at arriving at a figure upon which to base the 12% calculation of penalties, in light of the provision in the statute which provides that, when a partial tender has been made, the penalty is 12% of the difference between the amount tendered and the amount found to be due. State Farm tendered a check on December 19, 1975, for $655.00, which, although coming more than sixty days after the claim of August 26, 1975, for $520.25, came within sixty days of the claim of October 27, 1975, for the remainder due under its policy, specifically, $945.00.
We think that the proper way to handle this situation is to view the facts as follows: The August claim of $520.25 went without a tender within sixty days. Therefore, the $520.25 figure should be used in calculating the penalty. Furthermore, the $520.25 claim remained extant until satisfied. Therefore, the submission of the $1,089.25 bill on October 27th was actually an additional claim for the difference between the existing claim for $520.25 and the maximum liability left under the policy of $945.00, or a claim for $424.75 ($945.00 minus $520.25). Within sixty days, the insurer *1237 tendered payment of $655.00. Therefore, the claim of $424.75 was not without a tender within the sixty day period. Consequently, that figure should not be used in the computation of penalties. Thus, the only figure to be used in the calculation of penalties is $520.25. Twelve percent of $520.25 yields $62.43, which should be the amount of penalties assessed.
With regard to attorney’s fees, the claim for medical expenses against State Farm was intertwined with and coincidental to plaintiff’s main demand in tort against Ardoin and Sentry. State Farm is not responsible for attorney’s fees incurred in connection with the prosecution of plaintiff’s tort suit. Considering the totality of circumstances presented in this case, we feel that the sum of $750.00 for attorney’s fees is reasonable for the work involved both at trial and on appeal.
We wish to emphasize that we give no interpretation or construction to La.R.S. 46:446. The Division of Family Services was never a party to this litigation, their claim having been satisfied out of Court. We also reach no decision as to whether tender of a draft made payable to both the insured and the Division of Family Services is the proper method to discharge any obligations arising as a result of La.R.S. 46:446. This problem can be resolved if and when it is presented to us. We simply hold that, with regard to penalties and attorney’s fees due an insured under La.R.S. 22:658, an insurer must make some meaningful attempt to make payment to its insured within the time specified by this statute, unless the insurer can justify its failure to pay with reasons which are not arbitrary, capricious, or without probable cause.
For the above reasons, the judgment of the District Court is reversed insofar as it rejects the demands of plaintiff-appellee, Frances Nelson, against defendant-appellant, State Farm Mutual Automobile Insurance Company, for penalties and attorney’s fees, and it is hereby ordered that judgment be entered herein in favor of Frances Nelson and against State Farm Mutual Automobile Insurance Company for the sum of $812.43, together with legal interest thereon from date of judicial demand until paid. Costs on appeal are assessed against State Farm Mutual Automobile Insurance Company.
REVERSED AND RENDERED.

. Ardoin and Sentry are not involved in this appeal.

. A 25% penalty is provided for in some cases involving losses resulting from fire and theft; however, the 12% figure is used for medical payments provisions in automobile policies. Leger v. Allstate Insurance Company, 252 So.2d 186 (La.App. 3rd Cir. 1971). See Cren-welge v. State Farm Mutual Automobile Insurance Company, 277 So.2d 155 (La.App. 3rd Cir. 1973); Mattox v. American Indemnity Co., 259 So.2d 79 (La.App. 4th Cir. 1972).