CHEHARDY, C.J.
Lin this writ application, Valentine Mechanical Services, LLC, relator, seeks review of the district court’s May 1, 2017 ruling denying Valentine’s motion for partial summary judgment. After our de novo review, we conclude that the district court erred in denying Valentine’s motion for partial summary judgment. We therefore grant this writ application, vacate the district court’s May 1, 2017 ruling, and grant Valentine’s motion for partial summary judgment.
FACTS AND PROCEDURAL HISTORY
The material facts in this case are undisputed. In October 2013, respondent, Donna Lahare, was looking to install a generator on her property when she came into contact with Valentine. A sales representative with Valentine met with Ms. Lahare to discuss installation options. During this meeting, Ms. Lahare advised the sales rep that she wanted the generator installed on the side of her property, not in her backyard. On October 31, 2013, the sales rep assured Ms. Lahare that the generator could be installed there and the parties contracted accordingly. On December 9, 2013, Valentine obtained a permit for the installation, but the permit authorized the installation in the backyard. Thereafter, in accordance with the contract but in violation of the permit, Valentine installed the generator on the side of Ms. Lahare’s property. On December 20, 2013, a Jefferson Parish gas and plumbing inspector rejected the installation due to several code violations. Not wanting to relocate the generator, Ms. Lahare decided to apply for a zoning variance. This process required Ms. Lahare to obtain the approval of her neighbors. On March 18, 2014, while walking from house to house obtaining her neighbors’ signatures, Ms. Lahare tripped on an alleged defect in the sidewalk and injured her shoulder.
On April 15, 2015, Ms. Lahare filed suit against Valentine, seeking damages for the costs incurred for bringing the generator *776 into compliance with code and for |2the personal injuries she sustained as a result of .her fall. On February 9, 2017, Valentine filed a motion for. partial summary judgment with respect to Ms. Lahare’s claim for personal injury damages.
Following a hearing on this motion on April 10, 2017, the district court denied Valentine’s motion in open court, which-it followed with a written judgment signed on May 1, 2017. Valentine filed the instant writ application seeking supervisory re-viewof that ruling.[1]
DISCUSSION
We review the denial of a motion for summary judgment de novo. Bourgeois v. Allstate Ins. Co., 15-451 (La. App. 5 Cir. 12/23/15), 182 So.3d 1177, 1181. Under this standard of review, we use the same criteria as the trial court in determining if summary judgment is appropriate: whether there is a genuine issue as to material fact and whether the mover is entitled to judgment as a matter of law. Richthofen v. Medina, 14-294 (La. App. 5 Cir. 10/29/14), 164 So.3d 231, 234, writ denied, 14-2514 (La. 3/13/15), 161 So.3d 639.
“[A] motion for summary judgment shall be granted, if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as. a matter of law.” La. C.C.P. art. 966(A)(3). “[I]f the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.” La. C.C.P. art. 966(D)(1). “The burden is on the adverse party to .produce factual support sufficient to establish the existence of a 1 .¡genuine issue of material fact or that the mover is not entitled to judgment as a matter of law-”. Id. .
Here, Valentine is the . mover who will not bear the burden of proof at trial. Accordingly, in its motion for summary judgment, Valentine sought to point out the absence of factual support for one' of the essential elements of Ms. Lahare’s claim for personal injury damages.
Ms. Lahare asserts that her' claim for personal injury damages arises from Valentine’s breach of contract when Valentine failed to obtain the proper permit for the generator and failed to assist her in the variance process.
It is well settled that the same acts or omissions may constitute breaches of both general duties and contractual duties and may give rise to both actions in tort and actions in contract. In re St. Louis Encephalitis Outbreak, 41,250 (La. App. 2 Cir. 9/1/06), 939 So.2d 563, 566-67. A plaintiff may assert both actions and is not required to' plead the theory of his case. Id. at 567. The classical distinction between “damages ex contractu” and “damages ex delicto” is that the former flow from the breach of a special obligation contractually assumed by the obligor, whereas the latter flow from the violation of a general duty owed to all persons. Dubin v. Dubin, 25,996 (La. App. 2 Cir. 8/17/94), 641 So.2d 1036, 1040.
Generally, where a person neglects to do what he is obligated to do under a contract, he has committed a passive breach of the contract. Dubin, supra. If he negligently performs .a contractual obligation, he has committed active negli *777 gence and thus an active breach of the contract. Id. (citing Huggs, Inc. v. LPC Energy, Inc., 889 F.2d 649 (5th Cir. 1989); Hennessy v. South Central Bell Telephone Company, 382 So.2d 1044 (La. App. 2d Cir. 1980)). A passive breach of contract warrants only an action for breach of contract; an active breach of contract, on the other hand, may also support an action in tort under La. C.C. art. 2315. Id.
14At the hearing on Valentine’s motion for partial summary judgment, the court denied the motion, reasoning as follows:
I don’t believe that it was a passive breach of contract right now based upon the facts I have been given. I believe it was an active because it was based on their workings, their operation; not their failures to do something. I would call that an active breach. And the law allows for a tort claim in active breach of contract.
Our review of Ms. Lahare’s original and amended petitions leads us to a different conclusion. Her original petition alleges: “[D]ue to her finding out about the variance procedure being necessary,..., Valentine Mechanical Services, LLC having left Petitioner to her own devices, Petitioner began to go from house to house....” This petition also states: “While as a result of the actions of defendant, Valentine Mechanical Services,' LLC, petitioner was going door to door....” Her amended petition further alleges: “Valentine Mechanical Services, LLC refused to help or otherwise be involved in the variance request process.” The amended petition also claims: “Valentine Mechanical Services, LLC offered no solution to the generator location problem and no assistance with the variance request process necessary to make the generator usable.” And lastly: “The seeking of a variance from all neighboring property owners as required by Jefferson Parish caused Petitioner to come in contact with a raised cement encumbrance on one of the sidewalks leading to a neighbor’s house.”
Upon our review of Ms. Lahare’s original and amended petitions, we find she does not allege that her injuries were caused by Valentine’s negligent performance of the contract, but were caused by Valentine’s non-performance, namely, Valentine’s failure to obtain the proper permit and failure to assist -in the variance process. As such, we conclude that Ms. La-hare alleged a passive breach of contract, which does not support a tort claim. But even if Valentine’s breach could be considered an active breach, we still find summary judgment was appropriate because Ms. Lahare cannot succeed on her tort claim.
| kTo succeed on a claim of negligence in Louisiana, the plaintiff .must prove five elements: (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element);- (2) proof that the defendant’s conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant’s substandard conduct was a cause-in-fact of the plaintiff’s injuries (the cause-in-fact element); (4) proof that the defendant’s substandard conduct was a legal cause of the plaintiffs injuries (the proximate cause/legal cause/scope of liability/scope of protection/scope of duty element); and. (5) proof of actual damages (the damages element). Vince v. Koontz, 16-521 (La. App. 5 Cir. 2/8/17), 213 So.3d 448, 455, writ denied, 17-429 (La. 4/24/17), 221 So.3d 67, 2017 WL 2773897, 2017 La. LEXIS 867 221 So.3d 67, (citing Rando v. Anco Insulations Inc., 08-1163 (La. 5/22/09), 16 So.3d 1065, 1086).
If we assume an active breach of contract, it necessarily follows that the first *778 two elements of Ms. Lahare’s tort claim are satisfied. But she must still satisfy the three remaining elements; and we find that she cannot satisfy the third and fourth elements of her claim, cause-in-fact and legal cause.
The element of cause-in-fact is a question of fact. Koontz, supra. It is generally a “but for” inquiry such that if the plaintiff probably would have not sustained the injuries but for the defendant’s substandard conduct, the conduct is a cause-in-fact. Roberts v. Benoit, 605 So.2d 1032, 1042 (La. 1991). However, intervening and superseding causes may sever the causal connection between a plaintiffs injuries and a defendant’s negligence. The Louisiana Supreme Court has explained:
In situations in which there is an intervening force that comes into play to produce the plaintiffs injury (or more than one cause of an accident), it has generally been held that the initial tort-feasor will not be relieved of the consequences of his or her negligence unless the intervening cause superceded [sic] the original negligence and alone produced the injury. If the original tortfea-sor could or should have reasonably foreseen that the accident might occur, he or she will be pliable notwithstanding the intervening cause. In sum, foreseeable intervening forces are within the scope of the original risk, and hence of the original tortfeasor’s negligence.
Adams v. Rhodia, Inc., 07-2110 (La. 5/21/08), 983 So.2d 798, 808 (citations omitted).
Assuming Valentine’s failure to obtain the proper permit or failure to assist in the variance process constituted active negligence, we find this was not the cause-in-fact of Ms. Lahare’s injuries. While it may be true that Ms. Lahare would not have been walking from door to door but for Valentine’s actions, the alleged defect in the sidewalk was the intervening and superseding cause of her injuries. And these injuries, caused as they were by tripping over an alleged defect in the sidewalk, were certainly not a reasonably foreseeable risk of Valentine’s failure to obtain the proper permit or failure to assist in the variance process. Ms. Lahare cannot prove cause-in-fact.
The element of legal cause is a question of law that is informed by both factual and policy considerations. Koontz, supra. The legal/policy inquiry is whether the enunciated rule or principle of law extends to or is intended to protect this plaintiff from this type of harm arising in this manner. Rando v. Anco Insulations Inc., 08-1163 (La. 5/22/09), 16 So.3d 1065, 1088. This inquiry depends on factual determinations of foreseeability and ease of association. Id. at 1089. For instance, a risk may not be within the scope of a duty where the circumstances of the particular injury to the plaintiff could not be reasonably foreseen or anticipated, because there was no ease of association between that risk and the legal duty. Id. at 1092.
Here, Valentine’s delictual duty forming the basis of Ms. Lahare’s tort claim seems to be the universal duty to use reasonable care to avoid injury to another. See Rando at 1086 (“There is an almost universal duty on the part of the defendant in a negligence action to use reasonable care to avoid injury to another.”). Thus, 17Valentine assumed a general duty of care when installing the generator, and, according to the theory of liability advanced by Ms. Lahare, breached this duty when it failed to obtain the proper permit or failed to assist in the variance process.
Under Ms. Lahare’s theory, Valentine’s duty of care when installing a generator protects her from the risk of sustaining injuries by tripping over defects *779 in public sidewalks. We disagree. Such an attenuated risk is neither reasonably foreseeable, nor easily associated with Valentine’s duty. Accordingly, we find the risk of sustaining injuries by tripping over an alleged defect in a public sidewalk is not within the scope of protection afforded by Valentine’s duty of care associated with the installation of a generator. Ms. Lahare cannot prove legal cause.
Thus, even if Valentine’s breach of contract was an active breach, Ms. Lahare would still not be able succeed on her tort claim. We therefore conclude that Valentine’s motion for partial summary judgment should have been granted.
DECREE
We grant this writ application, vacate the district court’s ruling denying Valentine’s motion for partial summary judgment, and render judgment granting Valentine’s motion for partial summary judgment, dismissing with prejudice Ms. Lahare’s claim against Valentine for personal injury damages. The matter is remanded for further proceedings consistent with this opinion.
WRIT GRANTED; JUDGMENT VACATED; PARTIAL SUMMARY JUDGMENT GRANTED; REMANDED

. In accordance with La. C.C.P. art. 966(H), the parties filed additional briefing and were given the opportunity to request and participate in oral argument,