ANTHONY CEMO

VERSUS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY AND JOHN DOE

NO. 22-CA-226

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 800-124, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

February 01, 2023

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Stephen J. Windhorst

**REVERSED AND REMANDED**
 **MEJ**
 **SMC**
 **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
ANTHONY CEMO
Ross F. Lagarde
Jeffrey G. Lagarde
Alexander L.H. Reed

COUNSEL FOR DEFENDANT/APPELLEE,
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
Joseph M. Messina
Bradley S. Groce

**JOHNSON, J.**

Plaintiff/Appellant, Anthony Cemo, appeals the partial summary judgment in favor of Defendant/Appellee, State Farm Mutual Automobile Insurance Company (hereinafter referred to as "State Farm"), that dismissed his claims related to a fall sustained in a hospital and the ensuing necessity for a second hip revision surgery following his primary surgery to repair hip injuries allegedly sustained in an automobile accident from the 24th Judicial District Court, Division "L". For the following reasons, we reverse the trial court's partial summary judgment and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On October 9, 2018, Mr. Cemo was involved in an auto accident with a Ford F-150 truck while stopped in traffic on Manhattan Boulevard in Harvey, Louisiana. The driver of the Ford F-150 fled the scene on foot after the collision. It was later claimed by the owner of the Ford F-150 that the vehicle had been stolen. On October 3, 2019, Mr. Cemo filed suit against "John Doe" and his uninsured/underinsured insurance carrier, State Farm, alleging that the driver was negligent and the Ford F-150 was not covered by any automobile liability insurance; thus, his State Farm policy was in full force and effect for liability coverage, uninsured/underinsured motorist coverage, and medical coverage to him. He allegedly suffered severe, painful, debilitating and permanently disabling injuries to his left knee, neck, back, left shoulder, and right hip as a result of the accident.

On May 14, 2020, Mr. Cemo underwent a right hip replacement surgery, which was allegedly related to the injuries from the October 9, 2018 accident.[1] While recuperating in the hospital following the hip replacement surgery, Mr.

---

[1] The procedure was performed by Dr. Gustavo Godoy.

Cemo slipped in his socks and suffered a periprostethetic hip fracture.[2] The fall necessitated a revisionary arthroplasty[3] to his right hip on May 17, 2020, which was also performed by Dr. Godoy.

On January 3, 2022, State Farm filed a motion for partial summary judgment, seeking dismissal of all of the claims related to Mr. Cemo's fall and May 17, 2020 hip revision surgery. In its motion, State Farm argued that the fall in the hospital was an intervening and superseding cause of a new hip injury. It also argued that Mr. Cemo's fall and subsequent need for a hip revision surgery was not a reasonably foreseeable consequence of the negligence of the uninsured motorist driving the Ford F-150, and the October 9, 2018 accident was too remote to attribute causation to Mr. Cemo's fall in the hospital. In opposition, Mr. Cemo argued that his treating physicians related his revisionary hip surgery to the 2018 auto accident, and the medical testimony created a genuine issue of material fact sufficient to preclude partial summary judgment.

The trial court heard the matter on February 7, 2022 and orally granted the partial summary judgment in favor of State Farm. The trial judge reasoned that the first accident could not be the proximate cause for the second surgery, and the medical testimony would be more prejudicial than probative for jury consideration. A written judgment was rendered on February 11, 2022—which granted the partial summary judgment, dismissed all of Mr. Cemo's claims related to his fall and May 17, 2020 hip revision surgery—and designated the judgment as a final judgment pursuant to La. C.C.P. art. 1915(B). The instant devolutive appeal by Mr. Cemo followed.

---

[2] Dr. Gustavo Godoy explained that a periprostethic hip fracture is a fracture around the prosthetic hip.
[3] The surgery required the replacement of the femoral component of Mr. Cemo's primary hip replacement.

## ASSIGNMENTS OF ERROR

On appeal, Mr. Cemo alleges the trial court legally erred in granting State Farm's motion for partial summary judgment because he produced admissible expert testimony regarding the causation of the necessity for the May 17, 2020 hip revision surgery, and the trial court made an impermissible credibility determination.

## LAW AND ANALYSIS

Expert Testimony

Mr. Cemo alleges that the trial court legally erred in granting partial summary judgment against him because his treating physicians, Dr. Neil Duplantier and Dr. Gustavo Godoy, testified to the issue of causation for the second, revisionary hip surgery, which created genuine issues of material fact. He contends that the medical testimony of both doctors related medical causation for his primary hip replacement surgery and secondary, revisionary surgery to the October 9, 2018 accident, to which State Farm failed to produce any countervailing testimony. As such, Mr. Cemo maintains that there are genuine issues of material fact remaining as to whether he would have needed the hip revision surgery "but for" the underlying auto accident.

State Farm avers that partial summary judgment was properly rendered in its favor. It asserts that Mr. Cemo's hospital fall was not reasonably foreseeable and was an intervening and superseding cause of a new hip injury, resulting in the need for the May 17, 2020 hip revision surgery. It contends that Dr. Godoy's testimony supports its position that the fall was, in fact, an intervening and superseding cause of the injury. Because Mr. Cemo's hospital fall was not a reasonably foreseeable consequence of the negligence of the Ford F-150 driver, State Farm maintains that it should not be liable for any damages related to the fall, which includes the May

17, 2020 hip revision surgery.

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored. La. C.C.P. art. 966(A)(2). Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Jefferson Par. Sch. Bd. v. TimBrian, LLC*, 21-67 (La. App. 5 Cir. 10/20/21), --- So.3d ----, 2021WL4891089, *writ denied*, 21-1725 (La. 1/12/22), 330 So.3d 629, *citing Stogner v. Ochsner Clinic Foundation*, 18-96 (La. App. 5 Cir. 9/19/18), 254 So.3d 1254, 1257. Summary judgment shall be granted "if the motion, memorandum, and supporting documents shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." *Id.*, *quoting* La. C.C.P. art. 966(A)(3).

A material fact is one that potentially insures or prevents recovery, affects a litigant's ultimate success, or determines the outcome of the lawsuit. *Populis v. State Department of Transportation and Development*, 16-655 (La. App. 5 Cir. 5/31/17), 222 So.3d 975, 980, *quoting Pouncy v. Winn-Dixie La., Inc.*, 15-189 (La. App. 5 Cir. 10/28/15), 178 So.3d 603, 605. An issue is genuine if it is such that reasonable persons could disagree. If only one conclusion could be reached by reasonable persons, summary judgment is appropriate as there is no need for trial on that issue. *Id*. Whether a particular fact in dispute is material for purposes of summary judgment can only be determined in light of the substantive law applicable to the case. *Stogner*, 254 So.3d at 1257, citing *Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14), 144 So.3d 876, 882, *cert. denied*, 574 U.S 869, 135 S.Ct. 197, 190 L.Ed.2d 130 (2014).

The party moving for summary judgment bears the burden of proof. *Stogner*, *supra*, citing La. C.C.P. art. 966(D)(1). However, if the mover will not bear the burden of proof at trial, the moving party must only point out that there is

an absence of factual support for one or more elements essential to the adverse party's claims. *Id*. Thereafter, the burden shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. *Id*. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. *Id*. Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. *Id*., citing *Babin v. Winn Dixie La., Inc.*, 00-78 (La. 6/30/00), 764 So.2d 37, 40. The decision as to the propriety to grant a motion for summary judgment must be made with reference to the substantive law applicable to the case. *Vincent v. Nat'l Gen. Ins. Co.*, 21-227 (La. App. 5 Cir. 10/13/21), 330 So.3d 378, 381.

In the case at bar, Mr. Cemo filed a negligence action against State Farm for the alleged injuries he sustained as a result of the October 9, 2018 accident. In order to prove a claim under the duty-risk analysis pursuant to La. C.C. art. 2315, the plaintiff must satisfy five elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard of care (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of protection argument); and (5) actual damages (the damages element). *Smith v. Great Am. Ins. Co.*, 20-377 (La. App. 5 Cir. 5/26/21), 325 So.3d 495, 498.

State Farm argues that Mr. Cemo will not be able to meet his burden of proving the October 9, 2018 accident caused the need for his secondary, revisionary surgery. It contends that Mr. Cemo's hospital fall was not reasonably foreseeable and was an intervening and superseding cause of a new hip injury,

resulting in the need for the May 17, 2020 hip revision surgery. In contrast, Mr.

Cemo argues that but for him being in the hospital for a right hip surgery relating

to the October 9, 2018 accident, he would not have slipped and fell, necessitating a

hip revision surgery.

Questions of causation are usually issues for the factfinder's determination;

but, it is possible to determine these issues on summary judgment, if reasonable

minds could not differ. *Cunningham v. Northland Ins. Co.*, 00-888 (La. App. 5

Cir. 9/14/00), 769 So.2d 689, 694, *writ denied*, 00-2844 (La. 12/8/00), 776 So.2d

470. The issue of cause-in-fact is generally a "but for" inquiry such that if the

plaintiff probably would have not sustained the injuries but for the defendant's

substandard conduct, the conduct is a cause-in-fact. *Lahare v. Valentine Mech.

Servs. LLC*, 17-289 (La. App. 5 Cir. 6/29/17), 223 So.3d 773, 778, *citing Roberts

v. Benoit*, 605 So.2d 1032, 1042 (La. 1991). However, intervening and

superseding causes may sever the causal connection between a plaintiff's injuries

and a defendant's negligence. *Id.* In *Adams v. Rhodia, Inc.*, 07-2110 (La.

5/21/08), 983 So.2d 798, 808, the Louisiana Supreme Court explained:

> In situations in which there is an intervening force that comes into play to produce the plaintiff's injury (or more than one cause of an accident), it has generally been held that the initial tortfeasor will not be relieved of the consequences of his or her negligence unless the intervening cause superceded [sic] the original negligence and alone produced the injury. If the original tortfeasor could or should have reasonably foreseen that the accident might occur, he or she will be liable notwithstanding the intervening cause. In sum, foreseeable intervening forces are within the scope of the original risk, and hence of the original tortfeasor's negligence.

(Citations omitted).

In support of its motion for partial summary judgment, State Farm submitted

selected portions of Dr. Gustavo Godoy's deposition.[4] When questioned about the

---

[4] Although Mr. Cemo argues that State Farm only submitted portions of Dr. Godoy's deposition in its favor for review, the record before us reflects that he did not submit any evidence in support of his position, as his opposition brief cites to exhibits that are not attached to the brief. Thus, our review is limited to the evidence presented for summary judgment purposes. *See*, La. C.C.P. art. 966(A)(3) and (4).

cause of Mr. Cemo's revision hip surgery, Dr. Godoy testified as follows:

Q. -- record, which incorporates Mr. Cemo's history to you of no prior hip pain prior to the motor vehicle accident, more likely than not to a reasonable degree of medical certainty, would you relate the hip revision surgery, the second surgery --

A. Sure.

Q. -- to the motor vehicle accident in 2018?

A. That's a difficult question to answer. Would he have -- he would not have needed the revision hip arthroplasty -- replacement if he would not have had the primary hip replacement. Are you asking if this car accident caused him to have a revision hip arthroplasty? I would say the fall caused him to have a revision hip arthroplasty.

Q. Okay. Let's do it this way.

A. Sure.

Q. But for the motor vehicle accident in 2018, Mr. Cemo would not have needed a hip replacement surgery at that time?

MR. MESSINA:

Object to the form, but you can answer.

A. Yes.

Q. Okay. So Mr. Cemo would not have been in the hospital --

A. Correct.

Q. -- two days or -- one or two days after his hip replacement surgery but for the motor vehicle accident in 2018, correct?[5]

***

Q. Okay. And then the only other question, you're not saying that the car accident caused him to slip in socks, are you?

MR. LAGARDE:

Object to the form.

You can answer the question.

A. I don't think the car accident directly caused him to slip in his socks, no, I don't. Would he have -- no, I don't think it was

---

[5] Dr. Godoy's answer to the question is not included in the portions of the deposition submitted to the court.

directly caused.

After considering Dr. Godoy's testimony and the issue of causation of Mr. Cemo's fall and need for the May 17, 2020 revision hip surgery, we find that reasonable minds can differ. At different points in his deposition, Dr. Godoy both associated and dissociated the fall and second surgery to the October 9, 2018 accident. From the evidence presented, there can be no clear determination as to whether Mr. Cemo's hospital fall could have been reasonably foreseen or anticipated.[6] Thus, at this juncture, we cannot find that the hospital fall is an intervening and superseding cause that severs the causal connection between Mr. Cemo's revision hip surgery and State Farm's alleged liability. Therefore, upon *de novo* review, we find that there is a genuine issue of material fact remaining for the fact finder's determination, and State Farm is not entitled to partial summary judgment as a matter of law.

Evidentiary Determination

Mr. Cemo alleges the trial court legally erred in granting partial summary judgment against him because the court made an impermissible credibility determination when finding that the medical testimony would be more prejudicial than probative for the jury.

State Farm avers that the trial court's commentary about the testimony of the treating physicians being more prejudicial than probative enhances and supports the law in this matter. It contends that the law requires an injured plaintiff to use expert testimony to establish causation of the injuries claimed; however, the law does not allow a plaintiff to use expert testimony to establish causation for injuries

---

[6] "[A] risk may not be within the scope of a duty where the circumstances of the particular injury to the plaintiff could not be reasonably foreseen or anticipated, because there was no ease of association between the risk and the legal duty." *Lahare*, *supra*, *citing Rando v. Anco Insulations Inc.*, 08-1163 (La. 5/22/09), 16 So.3d 1065, 1092.

that were not foreseeable or were due to an intervening and superseding event.

When examining factual issues on a motion for summary judgments, courts may not consider the merits of the case, make credibility determinations, evaluate testimony, or weigh evidence. *Stogner*, *supra*. Here, the trial court impermissibly weighed evidence in consideration of its presentation to a jury. While the trial court erred in that determination, because we performed a *de novo* review of the evidence, we find that the trial court's evidentiary determination is inconsequential to this partial summary judgment review.

## DECREE

For the foregoing reasons, we reverse the trial court's partial summary judgment in favor of State Farm Mutual Automobile Insurance Company and remand the matter to the trial court for further proceedings. State Farm is assessed the costs of this appeal.

## REVERSED AND REMANDED

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**FEBRUARY 1, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-226

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
ROSS F. LAGARDE (APPELLANT)          BRADLEY S. GROCE (APPELLEE)          JOSEPH M. MESSINA (APPELLEE)

**MAILED**
ALEXANDER L.H. REED (APPELLANT)
JEFFREY G. LAGARDE (APPELLANT)
ATTORNEYS AT LAW
2250 GAUSE BOULEVARD EAST
SUITE 301
SLIDELL, LA 70461