JOSE HERNANDEZ-REYES

VERSUS

ALL-PRO ROOFERS, INC., MARCELINO
CANALES, & KENNETH WESTCOTT

NO. 22-CA-509

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 796-525, DIVISION "I"
HONORABLE NANCY A. MILLER, JUDGE PRESIDING

May 24, 2023

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Robert A. Chaisson, and Cornelius E. Regan, Pro Tempore

**REVERSED AND REMANDED**
   **MEJ**
   **RAC**
   **CER**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
JOSE HERNANDEZ-REYES
  Joseph S. Piacun

COUNSEL FOR DEFENDANT/APPELLEE,
KENNETH WESTCOTT
  David H. Kennedy

**JOHNSON, J.**

Plaintiff/Appellant, Jose Hernandez-Reyes, appeals the summary judgment that dismissed his claims against Defendant/Appellee, Kenneth Westcott, from the 24th Judicial District Court, Division "I". For the following reasons, we reverse the summary judgment and remand the matter for further proceedings.

### FACTS AND PROCEDURAL HISTORY

On June 21, 2019, Mr. Reyes filed a petition for damages against defendants, All-Pro Roofers, Inc., Marcelino Canales, and Kenneth Westcott, jointly, severally, and *in solido*. In his petition, Mr. Reyes alleged that he was performing roofing services at Mr. Westcott's home in Slidell, Louisiana on June 27, 2018. He further alleged that he slipped and fell from the roof to the ground due to a damp and slippery plastic covering that had been placed by or on behalf of the defendants over an area to be re-shingled. As a result of the incident, Mr. Reyes asserted that he sustained injuries to his head and lumbar spine, which included the exacerbation of prior unknown asymptomatic conditions and injuries to his mental psyche.

Mr. Westcott filed a motion for summary judgment on December 20, 2021. In his motion, Mr. Westcott asserted that Mr. Reyes could not meet his burden of proof for any proposed theory of liability against him. He contended that there was insufficient evidence of any defect in the roof, roofing work, or roofing materials. He further contended there were no allegations of any relationship to or between him and Mr. Reyes that would impose liability upon him for said incident. Mr. Westcott maintained that the evidence proved he never met or had any dealings with Mr. Reyes, and he had no control over the way Mr. Reyes performed his tasks at any relevant time.

In opposition, Mr. Reyes argued that Mr. Westcott's motion for summary judgment was premature because significant discovery was outstanding. He also

argued that Mr. Westcott was heavily involved in the repair work being done to his roof.  Mr. Reyes asserted that he was caused to fall from the roof by a damp, slippery tarp that had been placed by or on behalf of Mr. Westcott; thus, a genuine issue of material fact remained as to Mr. Westcott's actual control over the parties involved while the roofing project was being performed.

Mr. Westcott's motion for summary judgment was heard by the trial court on June 1, 2022.  At the conclusion of the hearing, the trial court granted summary judgment in favor of Mr. Westcott.  The trial judge orally reasoned that Mr. Reyes failed to establish that Mr. Westcott acted as a statutory employer on the project. A written judgment was rendered on June 14, 2022, dismissing Mr. Reyes' claims against Mr. Westcott with prejudice.  The instant appeal followed.

## ASSIGNMENTS OF ERROR[1]

On appeal, Mr. Reyes alleges that the trial court erroneously granted summary judgment in favor of Mr. Westcott by: 1) considering grounds that were not raised in Mr. Westcott's motion for summary judgment; 2) applying an affirmative defense that was not pleaded by Mr. Westcott; 3) finding that he failed to establish that Mr. Westcott acted as a statutory employer; and 4) granting the motion, despite the existence of remaining genuine issues of material fact.

## LAW AND ANALYSIS

General Summary Judgment Law

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored.  La. C.C.P. art. 966(A)(2).  Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate.  *Jefferson Par. Sch. Bd. v. TimBrian, LLC*, 21-67 (La. App. 5 Cir. 10/20/21), --- So.3d ---, 2021WL4891089, *writ denied*, 21-1725 (La. 1/12/22), 330

---

[1] The assignments of error are interrelated and will be discussed together.

So.3d 629, citing *Stogner v. Ochsner Clinic Foundation*, 18-96 (La. App. 5 Cir. 9/19/18), 254 So.3d 1254, 1257. Summary judgment shall be granted "if the motion, memorandum, and supporting documents shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." *Id.*, quoting La. C.C.P. art. 966(A)(3).

A material fact is one that potentially insures or prevents recovery, affects a litigant's ultimate success, or determines the outcome of the lawsuit. *Populis v. State Department of Transportation and Development*, 16-655 (La. App. 5 Cir. 5/31/17), 222 So.3d 975, 980, quoting *Pouncy v. Winn-Dixie La., Inc.*, 15-189 (La. App. 5 Cir. 10/28/15), 178 So.3d 603, 605. An issue is genuine if it is such that reasonable persons could disagree. If only one conclusion could be reached by reasonable persons, summary judgment is appropriate as there is no need for trial on that issue. *Id.* Whether a particular fact in dispute is material for purposes of summary judgment can only be determined in light of the substantive law applicable to the case. *Stogner*, 254 So.3d at 1257, citing *Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14), 144 So.3d 876, 882, *cert. denied*, 574 U.S 869, 135 S.Ct. 197, 190 L.Ed.2d 130 (2014).

The party moving for summary judgment bears the burden of proof. *Stogner*, *supra*, citing La. C.C.P. art. 966(D)(1). However, if the mover will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claims. *Id.* Thereafter, the burden shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. *Id.* If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. *Id.* Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence

of a material factual dispute mandates the granting of the motion. *Id.*, citing *Babin v. Winn Dixie La., Inc.*, 00-78 (La. 6/30/00), 764 So.2d 37, 40. The decision as to the propriety to grant a motion for summary judgment must be made with reference to the substantive law applicable to the case. *Vincent v. Nat'l Gen. Ins. Co.*, 21-227 (La. App. 5 Cir. 10/13/21), 330 So.3d 378, 381.

Arguments Raised in Motion for Summary Judgment and Affirmative Defense

Mr. Reyes alleges that the trial court erred as a matter of law in granting summary judgment based upon grounds that were not raised by Mr. Westcott in his motion for summary judgment. He argues that the trial court granted Mr. Westcott's motion solely on the finding that he failed to prove statutory employment, despite no party raised the issue of whether Mr. Westcott was a statutory employer. He contends that the trial court exceeded its authority under La. C.C.P. art. 966(F) by entering its judgment on that basis. Mr. Reyes further argues that Mr. Westcott waived the statutory employer defense because he did not plead it as an affirmative defense in his Answer.

Mr. Westcott avers he has never alleged that he was an employer of Mr. Reyes. However, he contends that Mr. Reyes cannot meet his burden of proof under any proposed theory of liability.

In this matter, both parties agree that Mr. Westcott was not the statutory employer of Mr. Reyes, despite the trial court's rationale for granting the summary judgment. However, because appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, the trial judge's reason for granting the summary judgment is inconsequential to our *de novo* review. *See Caminita for and on Behalf of Caminita v. Roman Catholic Church of Archdiocese of New Orleans*, 20-54 (La. App. 5 Cir. 7/8/20), 299 So.3d 1269, 1271. Accordingly, we

will now consider whether summary judgment is appropriate in this matter.

General Negligence Claim and Genuine Issues of Material Fact

Mr. Reyes alleges that the trial court erred in dismissing his claims against Mr. Westcott through summary judgment. He argues that the trial court found Mr. Westcott was not his statutory employer; and as such, he still maintains a right to bring a general negligence claim against Mr. Westcott as his non-statutory employer. He further argues that there are many significant genuine issues of material fact regarding Mr. Westcott's true involvement and control over the roofing project at his home. Mr. Reyes contends that every purported fact raised and relied upon by Mr. Westcott in his motion is either hotly contested or refuted by All-Pro Roofers, Inc. and Mr. Canales. He also contends that, while Mr. Westcott may be able to prove at trial that he was not solely at fault, at a minimum, Mr. Westcott bears some responsibility for the incident and his resulting injuries.

Mr. Westcott again avers that Mr. Reyes cannot meet his burden of proof under any proposed theory of liability. He maintains that, despite Mr. Reyes' attempts to create an issue, there is simply no evidence to support the belief that he was the employer of Mr. Reyes. Mr. Westcott avers there are no facts alleged that have any probative value on any theory of negligence concerning him, and Mr. Reyes only provides speculation and conjecture. He maintains that there is no evidence he had any direction or control over the paper placed by Mr. Reyes and his co-workers.

Here, Mr. Reyes filed a negligence action against Mr. Westcott for the alleged injuries he sustained as a result of the June 27, 2018 incident. In order to prove a claim under the duty-risk analysis pursuant to La. C.C. art. 2315, the plaintiff must satisfy five elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard of care (the breach

of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of protection argument); and (5) actual damages (the damages element). *Smith v. Great Am. Ins. Co.*, 20-377 (La. App. 5 Cir. 5/26/21), 325 So.3d 495, 498.

Questions of causation are usually issues for the factfinder's determination; but, it is possible to determine these issues on summary judgment, if reasonable minds could not differ. *Cunningham v. Northland Ins. Co.*, 00-888 (La. App. 5 Cir. 9/14/00), 769 So.2d 689, 694, *writ denied*, 00-2844 (La. 12/8/00), 776 So.2d 470. The issue of cause-in-fact is generally a "but for" inquiry such that if the plaintiff probably would have not sustained the injuries but for the defendant's substandard conduct, the conduct is a cause-in-fact. *Lahare v. Valentine Mech. Servs. LLC*, 17-289 (La. App. 5 Cir. 6/29/17), 223 So.3d 773, 778, citing *Roberts v. Benoit*, 605 So.2d 1032, 1042 (La. 1991).

In this case, Mr. Westcott attached Mr. Reyes' answers to interrogatories and excerpts of his deposition to support the motion for summary judgment. Mr. Reyes stated in his answers that he was working under the direction of All-Pro Roofers, Inc., Michael Cerniglia, and Mr. Westcott, and he had been working on that job for two days at the time of the incident. He also stated that he slipped and fell as a result of the slipperiness and defective condition of the roof and the materials.

In his deposition, Mr. Reyes testified that he and his co-workers were carrying packets of shingles weighing 75 lbs. each up the roof. He was not wearing a harness, safety tether, or rope at the time of the incident because there were not any at the home. Mr. Reyes explained that, as he was placing the packet down, he slipped on the paper he and his co-workers had put down the day before. He believed that he slipped because someone ordered synthetic paper that was

smooth, instead of the rougher paper they would normally use for that type of job. Mr. Reyes stated that "the person who was in charge there" drove him to the job that day, and he did not speak to the homeowners.

Among the evidence presented to support his opposition to Mr. Westcott's motion for summary judgment, Mr. Reyes attached the affidavits[2] of Marcelino Canales and Michael Cerniglia[3] and Mr. Westcott's answers to interrogatories. In the affidavit of Mr. Canales, he stated that he was contacted by Michael Cerniglia with All-Pro Roofers, Inc. regarding a roofing project where the homeowner, Mr. Westcott, wanted the roofing solar panels and roof removed and replaced. Mr. Cerniglia informed Mr. Canales that the homeowner was in charge of the job and would inform everyone of their duties. Mr. Canales stated that he personally met with Mr. Westcott, who confirmed that he was in charge of the roofing project at his home.

In the affidavit of Mr. Cerniglia, he stated that All-Pro Roofers, Inc. did not complete the roofing job at Mr. Westcott's home; rather, Mr. Canales' employees completed the job. He further stated that no one from All-Pro Roofers, Inc. placed a slippery covering on Mr. Westcott's roof.

After review, we find that there are genuine issues of material fact remaining in this matter. We conclude that the evidence presented for summary judgment purposes creates issues of whether Mr. Westcott owed a duty to Mr. Reyes through his control of the roofing project, and whether Mr. Westcott ordered unreasonably dangerous paper for the project that caused Mr. Reyes' damages. Therefore, we

---

[2] In a reply memorandum, Mr. Westcott argued that, because a continuance was previously granted for the purpose of allowing the taking of depositions, the affidavits should not have been allowed, and he requested that the affidavits be stricken. La. C.C.P. art. 966(4) states, "[t]he only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions." Because the Article allows for the submission of affidavits, we will consider the affidavits of Mr. Cerniglia and Mr. Canales for summary judgment purposes.

[3] According to his affidavit, Michael Cerniglia is the owner of All-Pro Roofers, Inc.

find that Mr. Westcott is not entitled to summary judgment in his favor.

**DECREE**

For the foregoing reasons, we find there are remaining genuine issues of material fact, reverse the trial court's grant of the summary judgment in favor of Kenneth Westcott, and remand the matter for further proceedings. Mr. Westcott is assessed the costs of this appeal.

**<u>REVERSED AND REMANDED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**MAY 24, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-CA-509**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE NANCY A. MILLER (DISTRICT JUDGE)
JOSEPH S. PIACUN (APPELLANT)          DAVID H. KENNEDY (APPELLEE)

**MAILED**
CHRISTOPHER P. LAWLER (APPELLANT)     LAURIE W. MASCHEK (APPELLEE)
ATTORNEY AT LAW                        ATTORNEY AT LAW
1340 POYDRAS STREET                    1350 GAUSE BOULEVARD WEST
SUITE 2100                             SLIDELL, LA 70460
NEW ORLEANS, LA 70112