ANTWAN JOHNSON

VERSUS

RIVERLANDS INSURANCE AGENCY, INC.
AND RIVERLANDS INSURANCE SERVICES,
INC.

NO. 24-C-625

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

January 15, 2025

Linda Wiseman
First Deputy Clerk

**IN RE** RIVERLANDS INSURANCE SERVICES, INC.

**APPLYING FOR** SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE VERCELL FIFFIE, AND THE HONORABLE KIRK A. VAUGHN, PRO TEMPORE, DIVISION "A", NUMBER 78,438

Panel composed of Judges Susan M. Chehardy,
Marc E. Johnson, and Stephen J. Windhorst

**WRIT DENIED**

In this writ application, relator, Riverlands Insurance Services, Inc., seeks review of the trial court's November 13, 2024 judgment denying its motion for summary judgment. Finding that there remains a genuine issue of material fact precluding summary judgment, this writ application is denied.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

This case arises from a dispute between plaintiff/respondent, Antwan Johnson, and defendant/relator, Riverlands Insurance Services, Inc. ("Riverland"), regarding the alleged failure of Riverlands to procure a homeowner's policy for Mr. Johnson prior to Hurricane Ida. The record shows that Mr. Johnson's homeowner's insurance coverage with Allied Trust was canceled on July 7, 2021, due to unrepaired damage to Mr. Johnson's roof. An agent from Riverlands

informed Mr. Johnson on July 21, 2021, that Allied Trust would not reinstate his homeowner's policy, leaving Mr. Johnson's home uninsured.

Riverlands provided Mr. Johnson with a quote for a new homeowner's policy on July 26, 2021, to which Mr. Johnson responded on August 4, 2021, advising Riverlands that the quote was too high. At that time, Mr. Johnson requested a cheaper option. On August 5, 2021, Riverlands supplied Mr. Johnson with a revised quote, which Mr. Johnson agreed to accept on August 20, 2021.

On August 23, 2021, Riverlands informed Mr. Johnson that payment of the premium was required before the homeowner's policy could actually be purchased on his behalf. The record reflects that, on August 26, 2021, at 3:51 p.m., Mr. Johnson advised Riverlands that his mortgage company would pay the premium. Accordingly, Riverlands forwarded to Mr. Johnson *via* DocuSign the necessary forms requiring his signature, which Mr. Johnson thereafter electronically signed and returned to Riverlands *via* DocuSign that same day at 4:52 p.m.—after Riverland's office had closed for the day.

The following morning, August 27, 2021, Riverlands' office reopened for business at 8:00 a.m. At 8:39 a.m., Riverlands was notified of a cease-binding order issued by Burns & Wilcox, a regional insurance broker, preventing the issuance of new policies due to the approach of Hurricane Ida.

Hurricane Ida made landfall in Louisiana on August 29, 2021. Afterwards, Mr. Johnson contacted Riverlands to obtain his policy number in order to file a property damage claim. Riverlands allegedly did not immediately inform Mr. Johnson that a homeowner's policy had not been procured on his behalf. After filing a complaint with the Louisiana Department of Insurance, Mr. Johnson was informed on September 15, 2021, that a homeowner's policy had not been issued to him due to the cease-binding order issued two days prior to the hurricane's landfall in Louisiana.

On August 15, 2022, Mr. Johnson filed suit against Riverlands Insurance Agency, Inc. alleging negligence in failing to use reasonable diligence in procuring a homeowner's insurance policy—that it undertook to write and bind—covering his home prior to Hurricane Ida and in failing to properly communicate deadlines relating to the binding of a policy to him. On September 16, 2022, Mr. Johnson filed a First Supplemental and Amended Petition adding relator, Riverlands Insurance Services, Inc., as a defendant.[1]

On April 8, 2024, Riverlands filed a motion for summary judgment concerning its alleged failure to procure insurance for Mr. Johnson prior to Hurricane Ida, on the basis that he fulfilled his duty to Mr. Johnson to use reasonable diligence under the circumstances. A hearing on Riverlands' motion was held on August 1, 2024. At issue before the trial court was whether Riverland breached its duty to use reasonable diligence and promptly procure insurance for Mr. Johnson prior to Hurricane Ida, and whether Mr. Johnson is entitled to general damages.[2] After hearing testimony and the arguments of counsel, the trial court took the matter under advisement. On November 13, 2024, the trial court issued judgment, with written reasons, denying Riverlands' motion for summary judgment on the basis that there remained a genuine issue of material fact regarding "notice"—in particular, what took place within the 39 minutes, from 8:00 a.m. to 8:39 a.m., when the cease-binding order was issued on August 27, 2021—the resolution of which would "affect[] the case's outcome by addressing whether the defendant's actions (or inaction) met the required standard of care and whether that failure contributed to Johnson's inability to mitigate his losses."

This writ application followed.

---

[1] Riverlands Insurance Agency, Inc. was dismissed with prejudice on March 15, 2023.

[2] The issue of whether Mr. Johnson is entitled to general damages was pretermitted until another day.

**ASSIGNMENT OF ERROR**

In its writ application, Riverlands contends the trial court erred in denying its motion for summary judgment by ruling that the question of whether Riverlands failed to procure an insurance policy for Mr. Johnson within a thirty-nine-minute timeframe constitutes a question of material fact for the jury to determine, rather than holding that, as a matter of law, Riverlands did not breach any duty owed to Mr. Johnson.

**DISCUSSION**

Appellate courts review the denial of a motion for summary judgment *de novo*, using the same criteria as the trial court in determining whether summary judgment is appropriate; that is, whether a genuine issue of material fact exists, and whether the mover is entitled to judgment as a matter of law. *Lahare v. Valentine Mech. Servs., LLC*, 17-289 (La. App. 5 Cir. 6/29/17), 223 So.3d 773, 776.

In Louisiana, an insurance agent is responsible for his fault or neglect. *Breck Const. Co., LLC v. Thomas, Farr & Reeves Agency, Inc.*, 37,484 (La. App. 2 Cir. 8/20/03), 852 So.2d 1151, 1154. An insurance agent who undertakes to procure insurance for another owes an obligation to his client to use reasonable diligence in attempting to place the insurance requested and to notify the client promptly if he has failed to obtain the requested insurance. *Id*. The client may recover from the agent the loss he sustains as a result of the agent's failure to procure the desired coverage if the actions of the agent warranted an assumption by the client that he was properly insured in the amount of the desired coverage. *Graves v. State Farm Mut. Marine Ins. Co.*, 01-1243 (La. App. 3 Cir. 6/26/02), 821 So.2d 760, 771-772, *writ denied*, 02=2320 (La. 11/15/02), 829 So.2d 435. Thus, the duty imposed on the insurance agent is to obtain the coverage desired by the customer. In order to recover for loss arising out of the failure of an insurance agent to obtain coverage, the plaintiff bears the burden of proving the following:

(1) an undertaking or agreement by the insurance agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) the actions of the agent warranted an assumption by the client that he was properly insured. *Breck Const. Co., LLC*, 852 So.2d at 1154.

Here, the record indicates that Riverlands agreed to procure the homeowner's policy for Mr. Johnson, and that Mr. Johnson was given no reason to believe that Riverlands had not procured the requested insurance. At issue is whether Riverlands "used reasonable diligence" in attempting to timely place the insurance between 8:00 a.m. and 8:39 a.m. on August 27, 2021, prior to the issuance of the cease-binding order. Mr. Johnson also alleges that Riverlands failed to promptly notify him after the cease-binding order was issued that the policy he requested was, in fact, not issued.

Riverlands alleges that, under the factual circumstances of this case, it fulfilled the duty he owed to Mr. Johnson to use reasonable diligence in attempting to place the insurance requested. However, breach of duty is a question of fact, dependent upon all the circumstances of a particular case and, therefore, inappropriately determined on summary judgment. *Pinsonneault v. Merchants & Farmers Bank & Trust Co.*, 01-2217 (La. 4/3/02), 816 So.2d 270. Accordingly, we agree with the trial court that a genuine issue of material fact exists precluding Riverlands dismissal on summary judgment. Therefore, we deny its writ application.

Gretna, Louisiana, this 15th day of January, 2025
.

**SMC**
**MEJ**
**SJW**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>01/15/2025</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**24-C-625**

**CURTIS B. PURSELL**
CLERK OF COURT

### E-NOTIFIED
40th District Court (Clerk)
Honorable Vercell Fiffie (DISTRICT JUDGE)
Honorable Kirk A. Vaughn (DISTRICT JUDGE)
Joseph F. LaHatte, III (Respondent)
Daniel G. Collarini (Relator)

### MAILED
Jennifer D. Zajac (Respondent)
Attorney at Law
2000 Clearview Parkway
Suite 203
Metairie, LA 70001

William H. Eckert (Relator)
Attorney at Law
201 St. Charles Avenue
Suite 2500
New Orleans, LA 70170